UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SUSAN BUCK, ANITA BECKLEY,
RUBY ROBINSON, RITCHIE SWAGERTY,
and DANIEL VANDERKODDE,
on behalf of themselves and
all other similarly situated,

     Plaintiffs,                         Case No: 1:17-cv-203
                                          Hon. Paul. L. Maloney

vs.

MARY JANE M. ELLIOTT, P.C.,
BERNDT & ASSOCIATES, P.C.,
MIDLAND FUNDING LLC,
MIDLAND CREDIT MANAGEMENT, INC.,
ENCORE CAPITAL GROUP, INC., and
LVNV FUNDING LLC,

     Defendants.
_____/

**DEFENDANT MARY JANE M. ELLIOTT, P.C.'S
MOTION TO DISMISS FOR LACK OF JURISDICTION
OR, ALTERNATIVELY, FOR PARTIAL JUDGMENT ON THE
PLEADINGS**

**ORAL ARGUMENT REQUESTED**

Mary Jane M. Elliott, P.C., through its attorneys, Collins Einhorn Farrell P.C., requests that this Court dismiss plaintiffs' claims for lack of jurisdiction under Fed. R. Civ. Pro. 12(b)(1) or, alternatively, enter judgment in Elliott's favor on plaintiffs' claim under the Fair Debt

Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.,* under Fed. R.

Civ. Pro. 12(c). In support of its motion, Elliott relies on the attached brief.


COLLINS EINHORN FARRELL PC

BY: */s/ Eric M. Kociba*
　　THERESA M. ASOKLIS (P42709)
　　ERIC M. KOCIBA (P63220)
　　MICHAEL J. COOK (P71511)
　　Attorney for Mary Jane M. Elliott, P.C.
　　4000 Town Center, 9th Floor
　　Southfield, MI 48075
　　(248) 355-4141
Dated: September 25, 2017　　eric.kociba@ceflawyers.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SUSAN BUCK, ANITA BECKLEY,
RUBY ROBINSON, RITCHIE SWAGERTY,
and DANIEL VANDERKODDE,
on behalf of themselves and
all other similarly situated,

     Plaintiffs,                          Case No: 1:17-cv-203
                                          Hon. Paul. L. Maloney

vs.

MARY JANE M. ELLIOTT, P.C.,
BERNDT & ASSOCIATES, P.C.,
MIDLAND FUNDING LLC,
MIDLAND CREDIT MANAGEMENT, INC.,
ENCORE CAPITAL GROUP, INC., and
LVNV FUNDING LLC,

     Defendants.
_____/


**BRIEF IN SUPPORT OF
DEFENDANT MARY JANE M. ELLIOTT, P.C.'S
MOTION TO DISMISS FOR LACK OF JURISDICTION
OR, ALTERNATIVELY, FOR PARTIAL JUDGMENT ON THE
PLEADINGS**

**ORAL ARGUMENT REQUESTED**

## Table of Contents

Index of Authorities ...................................................................................... ii

Issues Presented ......................................................................................... iv

Controlling and Most Appropriate Authority ................................................. v

Introduction ...............................................................................................1

Statement of Facts .....................................................................................2

Standard of Review.....................................................................................5

Argument ...................................................................................................7

    A. The *Rooker-Feldman* doctrine bars plaintiffs' claims based on the writs...................................................................................................7

    B. The FDCPA's one-year limitation period bars plaintiffs' claims as a matter of law. ..........................................................................12

    1. Claims based on the later effects of an alleged violation that is time barred are not actionable.................................................................14

    2. The writs and, more specifically, the interest calculations in the writs were mere later effects of the judgment providing for an allegedly incorrect interest rate. ...................................................................17

    3. Even if the writs were discrete violations, this Court should dismiss all claims based on pre-March 3, 2016 writs. .............................................18

Relief Requested ......................................................................................20

# Index of Authorities

## Cases

*Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) ..........................................6

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009) ...........................................................................................................5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ....................................................................................................5

*Castleberry v. Neumann Law P.C.*, No. 1:07-cv-856, 2008 WL 5744179 (W.D. Mich. July 9, 2008) ...................................................................................13

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) ................................................................................6

*Exxon Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed.2d 454 (2005) ..............................................................................................7

*Givens v. Homecomings Fin.*, 278 Fed. Appx. 607 (6th Cir. 2008) .......................7

*Holdsworth v. Najeway*, No. 95-3911, 99 F.3d 1199, 1996 WL 599817, *1 (6th Cir. Oct. 17, 1996) ...................................................................................13

*JPMorgan Chase Bank, NA v Winget*, 510 F.3d 577 (6th Cir. 2007) .................2, 5

*Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006) ................................................2, 5

*Lacey v. Gonzales*, 499 F.3d 514 (6th Cir. 2007) ....................................................4

*Lance v. Dennis*, 546 U.S. 459, 463-64, 126 S. Ct. 1198, 163 L. Ed.2d 1059 (2006) ...........................................................................................................6

*Ledbetter v. Goodyear Tire & Rubber, Co.*, 550 U.S. 618, 628, 127 S. Ct. 2162, 167, L. Ed.2d 982 (2007) .........................................................................10

*Minton  v. Cach, LLC*, No. 14-4371, 2014 WL 4764183 (E.D. Pa. Sept. 25, 2014) ................................................................................................................8

*Purnell v. Arrow Fin. Servs., LLC*, 303 Fed. Appx. 297, 301 (6th Cir. 2008) ..............................................................................................................10

*Raymond v. Moyer*, 501 F.3d 548, 551 (6th Cir. 2007) ..........................................7

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) .................................................................................................6

*Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed. Appx. 249, 259 (6th Cir. 2014) ..............................................................................................10

*Smith v. Lerner, Sampson & Rothfuss, L.P.A*, 658 Fed. Appx. 268 (6th Cir. 2016) .............................................................................................12

*Todd v. U.S. Bank Nat'l Assoc.*, 685 Fed. Appx. 103 (3d Cir. 2017) ...................8

**Statutes**

15 U.S.C. § 1692 .................................................................................................1

15 U.S.C. § 1692k(d) .........................................................................................14

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ...............................1

Fed. R. Civ. P. 12(h)(3) .......................................................................................5

*Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 420 (6th Cir. 2001) ....................5

Rule 12(b)(6) .......................................................................................................5

**Rules**

Fed. R. Civ. P. 12(b)(6) .......................................................................................5

Fed. R. Civ. P. 12(h)(3) .......................................................................................5

## Issues Presented

### I.

Under the *Rooker-Feldman* doctrine, this Court doesn't have jurisdiction when a plaintiff complains of an injury from the state-court judgment. Elliott obtained judgments against plaintiffs that provided for post-judgment interest at a 13% rate. Plaintiffs didn't appeal. Elliott served writs calculating interest at the 13% rate. Plaintiffs allege that the 13% interest rate in the judgments was wrong. Does this Court have jurisdiction over claims alleging that the state court judgments are wrong?

Elliott answers, no.

### II.

FDCPA claims are subject to a one-year limitation period. Plaintiffs' claims concern judgments entered over three years ago. The writs enforcing those judgments (most of which were issued over a year before this action was filed) calculated interest per the express terms of the judgment. Are plaintiffs' claims time barred because the judgments were entered over a year before this action was filed and the writs are, at best, the later effects of a time-barred claim?

Elliott answers, yes.

## Controlling and Most Appropriate Authority

Fed. R. Civ. P. 12(b)(1)

*Givens v. Homecomings Fin.*, 278 Fed. Appx. 607 (6th Cir. 2008)

*Todd v. U.S. Bank Nat'l Assoc.*, 685 Fed. Appx. 103 (3d Cir. 2017)

Fed. R. Civ. P. 12(c)

15 U.S.C. § 1692k(d)

*Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed. Appx. 249 (6th Cir. 2014)

*Smith v Lerner, Sampson & Rothfuss, L.P.A*, 658 Fed. Appx. 268 (6th Cir. 2016)

## Introduction

Plaintiffs' claims rest on the premise that the interest rate in state-court judgments against them is wrong. The remedy for an incorrect provision in state-court judgment is a state-court appeal. The *Rooker-Feldman* doctrine precludes this Court from operating as a *de facto* appellate court for state-court judgments. Since plaintiffs' injuries (if any) are from the terms of the state-court judgments, which this Court doesn't have jurisdiction to review or remedy, it should dismiss plaintiffs' claims for lack of jurisdiction.

Alternatively, plaintiffs' claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* fail for a simple reason—they're time barred. FDCPA claims are subject to a one-year limitation period. The judgements that plaintiffs' claims are based on were entered over three years ago. And while plaintiffs point to writs of garnishment that were issued and served after the judgments, they claim that the interest charges in the writs was wrong only because the interest rate in the judgments was wrong. The writs give effect to the judgments' interest provisions. So they aren't new violations; they are only later effects of an alleged time-barred violation. Since the alleged FDCPA violation occurred

more than one year before plaintiffs filed this action, plaintiffs' FDCPA claims are time barred and fail as a matter of law.

## Statement of Facts[1]

Elliott represented clients in debt-collection actions against Susan Buck, Anita Beckley, Ruby Robinson, Ritchie Swagerty, and Daniel VanderKodde.[2] Each action was based on defaulted credit card debt.[3] Elliott obtained a judgment for its client against the defendant (either through default or consent) in each action.[4]

With one exception, the judgments expressly stated that they would accrue post-judgment interest at the statutory rate of 13%.[5] The judgment

---

[1] The following recitation of facts accepts plaintiffs' factual allegations as true only for the purpose of resolving this motion. *See JPMorgan Chase Bank, NA v Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (standard for Rule 12(c) motion is the same as a Rule 12(b)(6) motion); *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (under Rule 12(b)(6), the court accepts plaintiffs' factual allegations as true).

[2] RE 5, First Amended Complaint, ¶¶22-23, 57-58, 84-85, 109-110, 141-142, Pg ID 16, 22, 27, 31, 37; RE 36, Elliott Answer, ¶¶22-23, 57-58, 84-85, 109-110, 141-142, Pg ID 715-716, 722-723, 729, 734-735, 743.

[3] RE 5, First Amended Complaint, ¶¶19-20, 54-55, 81-82, 106-107, 139-140, Pg ID 16, 22, 27, 31, 37.

[4] RE 5, First Amended Complaint, ¶¶24, 59, 86, 111, 143, Pg ID 17, 23, 27, 31-32, 37-38; RE 5-2, Buck Default Judgment, Pg ID 62; RE 5-11, Beckley Consent Judgment, Pg ID 83; RE 5-18, Robinson Default Judgment, Pg ID 99; RE 5-24, Swagerty Default Judgment, Pg ID 113; RE 5-34, VanderKodde Consent Judgment, Pg ID 135.

[5] RE 5-2, Buck Default Judgment, Pg ID 62; RE 5-11, Beckley Consent Judgment, Pg ID 83; RE 5-18, Robinson Default Judgment, Pg ID 99; RE 5-24, Swagerty Default Judgment, Pg ID 113; RE 5-34, VanderKodde Consent Judgment, Pg ID 135.

against Swagerty provided for post-judgment interest at the rate of 4.06%. Beckley and VanderKodde signed the consent judgments that were entered against them and the court clerks certified that they served copies of the defaults on Buck, Robinson, and Swagerty.[6] The judgments were entered at least four years ago:

- Buck – Default Judgment, September 2009;

- Beckley – Consent Judgment, February 2009;

- Robinson – Default Judgment, September 2007;

- Swagerty – Default Judgment, July 2008;

- VanderKodde – Consent Judgment, March 2012.[7]

After obtaining a judgment against each plaintiff, Elliott obtained and served writs of garnishment against Buck, Beckley, Robinson, and Vanderkodde (defendant Berndt & Associates PC handled the collection on the judgment against Swagerty) that calculated post-judgment interest at

---

[6] *Id.*

[7] *Id.*

the 13% rate specified in the judgments.[8] The writs were served at various times against each defendant:

- Buck writs served September 2009 to September 2016.[9]

- Beckley writs served October 2011 to September 2016.[10]

- Robinson writs served September 2011 to July 2016.[11]

- Swagerty writs served October 2011 to October 2016.[12]

- VanderKodde writs served July 2013 to February 2017.[13]

Buck, Beckley, Robinson, Swagerty, and VanderKodde admit that Elliott served them with a copy of each writ.[14]

On March 3, 2017, VanderKodde filed this action.[15] Buck, Beckley, Robinson, and Swagerty were added through amendment on April 10, 2017.[16]

---

[8] RE 5-3 to RE 5-9, Buck Writs, Pg ID 63-76; RE 5-12 to RE 5-16, Beckley Writs, Pg ID 84-93; RE 5-19 to RE 5-22, Robinson Writs, Pg ID 100-107; RE 5-25 to RE 5-32, Swagerty Writs, Pg ID 114-128; RE 5-35 to RE 5-42, VanderKodde Writs, Pg ID 136-151.

[9] RE 5-3 to RE 5-9, Buck Writs, Pg ID 63-76.

[10] RE 5-12 to RE 5-16, Beckley Writs, Pg ID 84-93.

[11] RE 5-19 to RE 5-22, Robinson Writs, Pg ID 100-107.

[12] RE 5-25 to RE 5-32, Swagerty Writs, Pg ID 114-128.

[13] RE 5-35 to RE 5-42, VanderKodde Writs, Pg ID 136-151.

[14] *See, e.g.,* RE 5, First Amended Complaint, ¶27 ("Elliott served the Writ for Garnishment (Exhibit 3) on the Michigan Department of Treasury and Ms. Buck."), Pg ID 18; *id.* at ¶61 (Beckley), Pg ID 23; *id.* at ¶89 (Robinson), Pg ID 28; *id.* at ¶114 (Swagerty), Pg ID 32; *id.* at ¶146 (VanderKodde), Pg ID 38.

The amended complaint alleges that Elliott violated the FDCPA (and two Michigan statutes) because the 13% interest rate exceeded the amount permitted under state law.[17] More specifically, the amended complaint alleges that the state-court judgments could only accrue interest at a lower rate because they were not based on written contracts, promissory notes, or negotiable instruments.[18] And because Elliott obtained the judgments and sent writs based on the 13% interest rate, the complaint alleges that Elliott violated four sections of the FDCPA.[19]

## Standard of Review

Plaintiffs, as the parties opposing dismissal, have the burden of establishing subject-matter jurisdiction. *Lacey v. Gonzales,* 499 F.3d 514, 518 (6th Cir. 2007). This Court must dismiss the case if it finds "at any time" that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

With respect to Elliott's alternative request for relief, this Court reviews a motion for judgment on the pleadings under Rule 12(c) of the

---

[15] RE 1, Complaint.

[16] RE 5, First Amended Complaint.

[17] RE 5, First Amended Complaint, ¶¶3, 176, 181-188, 191-192, Pg ID 12, 43-45; *see* Mich. Comp. Laws § 600.6013.

[18] RE 5, First Amended Complaint, ¶¶3, 176, Pg ID 12, 43.

[19] RE 5, First Amended Complaint, ¶¶181-188 (citing 15 U.S.C. §§ 1692e(2)(A), (8), (10), and 1692f(1)).

Federal Rules of Civil Procedure using the same standards applicable to a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, NA v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). A motion under Rule 12(b)(6) "test[s] whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 420 (6th Cir. 2001). In order to properly state a claim on which relief can be granted, a complaint must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citations omitted). This Court must construe the complaint in the light most favorable to plaintiffs and accept all factual allegations as true, but it "need not … accept as true legal conclusions or unwarranted factual inferences." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). Dismissal is appropriate when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quotation omitted).

## Argument

### A. The *Rooker-Feldman* doctrine bars plaintiffs' claims based on the writs.

The basic point of plaintiffs' claims is that the interest rate in the judgments is wrong. But a fundamental problem with their claim is that the remedy for an incorrect provision in a judgment is an appeal from that judgment. This Court doesn't have jurisdiction to sit as an appellate court or grant relief from state-court judgments. Accordingly, this Court must dismiss plaintiffs' claims.

The only federal court vested with authority to consider appeals from state-court judgments is the United States Supreme Court. *See Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007)(citing *Lance v. Dennis,* 546 U.S. 459, 463-64, 126 S. Ct. 1198, 163 L. Ed.2d 1059 (2006)). All other federal courts, including this one, are precluded from acting as *de facto* courts of appeal for state-court decisions. This is the import of the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

The doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance,* 546 U.S. at 460. The Sixth Circuit explained that, under the Supreme Court's decision in *Exxon Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed.2d 454 (2005),[20] the *Rooker-Feldman* doctrine applies when "the source of the injury is the state court decision:"

> The doctrine applies only when a plaintiff complains of an injury from the state court judgment itself. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from assertion jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*Raymond v. Moyer*, 501 F.3d 548, 551 (6th Cir. 2007).

The Sixth Circuit's decision in *Givens v. Homecomings Fin.*, 278 Fed. Appx. 607 (6th Cir. 2008) illustrates the point. The plaintiff defaulted on a

---

[20] "The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284.

loan and, as a result, the defendants foreclosed on a mortgage and obtained an order granting them possession of the mortgaged property. The plaintiff filed an FDCPA action, alleging that the defendants never verified his debt. *Rooker-Feldman* barred the claim, the Court explained, "[b]ecause Givens is effectively attempting to appeal from the state order granting possession to JP Morgan Chase …." *Id.* at 608.

*Given*s is analogous to the claims in this case. In *Givens*, the state-court judgment granted the defendants possession; here, the state-court judgment granted defendants a 13% interest rate. The plaintiff in *Givens* claimed that the possession order was wrong. Likewise, plaintiffs claim that the 13% interest rate was wrong. Accordingly, as in *Givens*, the *Rooker-Feldman* doctrine bars plaintiffs' claims because this Court cannot grant relief from the state-court judgments.

The Third Circuit's very recent decision in *Todd v. U.S. Bank Nat'l Assoc.*, 685 Fed. Appx. 103 (3d Cir. 2017) confirms the analysis. After the defendant obtained default judgments arising from loan debts, it had the court issue writs of execution that included post-judgment interest. The plaintiffs filed FDCPA claims, alleging that the writs "charg[ed] post-judgment interest before the interest accrued." *Id.* at 105.

The plaintiffs argued that *Rooker-Feldman* didn't apply because their injuries were caused by "the inclusion of attorney's fees and anticipated interest in the reissued writs of execution." *Id.* at 106. In other words, they argued that their claims were based on the writs instead of the state-court judgment. The district court disagreed and dismissed the claims. The Third Circuit affirmed, explaining that because "the default judgments provided for attorney's fees and interest through the date of the sheriff's sale," the plaintiffs' injuries were "produced by the default judgments …." *Id.* The claims were "exactly what the *Rooker-Feldman* doctrine seeks to preclude." *Id.*

The district court's analysis in *Minton  v. Cach, LLC*, No. 14-4371, 2014 WL 4764183 (E.D. Pa. Sept. 25, 2014) is also on-point. Again, the defendant obtained a default judgment arising from a loan debt. The plaintiff alleged that the judgment improperly included retroactive contractual interest. He claimed that the defendant violated the FDCPA when it attempted to execute on the judgment because the execution included "unlawful interest." The court disagreed and dismissed his claim based on *Rooker-Feldman*. It explained that "there is no violation for attempting to execute on a valid judgment. Hence, the source of the injury is the judgment itself,

not CACH's prejudgment conduct." *Id.* at *4. The court added that, "[t]o find that CACH included unlawful interest and attorney's fees in the judgment amount, we would have to review and reject the state judgment." *Id.* Accordingly, *Rooker-Feldman* applied and the claim failed as a matter of law.

This Court should follow *Todd* and *Minton*'s analysis. The consent and default judgments provided for post-judgment interest at the rate of 13%. Plaintiffs ask this Court to review whether that interest rate was correct. Indeed, as plaintiffs recently put it, "The question is simple: whether the post-judgment interest rate on judgments that MJE has admitted were 'not based on a note or other written evidence of indebtedness' are limited to the rate specified in M.C.L. § 600.6013(8)."[21] This Court can't answer that question; it can't review whether the interest rate in the judgment should be anything other than 13%. To do so would be acting as a *de facto* court of appeal for the state-court judgments--"exactly

---

[21] RE 58, Brief in Opposition to Mary Jane M. Elliott, P.C.'s Partial Motion to Dismiss Plaintiffs' State Law Claims, pp. 7-8, Pg ID 1118-1119.

what the *Rooker-Feldman* doctrine seeks to preclude." *Todd*, 685 Fed. Appx. at 106.[22]

The judgments haven't been set aside or disturbed in any way. As *Minton* put it, "there is no violation for attempting to execute on a valid judgment." 2014 WL 4764183, *4. So plaintiffs' injuries, if any, come from the judgments. Since "the source of the injury is the state court decision," the *Rooker-Feldman* doctrine prevents this Court from exercising jurisdiction. *Raymond*, 501 F.3d at 551. Accordingly, this Court should dismiss plaintiffs' claims.

## B. The FDCPA's one-year limitation period bars plaintiffs' claims as a matter of law.

If this Court concludes that it has jurisdiction over plaintiffs' claims, this Court should enter judgment in Elliott's favor on the FDCPA claims because they are untimely. FDCPA claims are subject to a one-year limitation period. The FDCPA specifically provides that "an action to

---

[22] Plaintiffs might rely on Judge Jonker's opinion holding that *Rooker-Feldman* didn't bar a group of cases that plaintiffs' counsel was recently involved in. *See In re: FDCPA Cognate Cases*, No. 1:13-cv-1328 et al., 2016 WL 1273349 (W.D. Mich. Mar. 28, 2016). In those cases, the costs added to the garnishment weren't awarded or expressly provided for in a judgment. As Judge Jonker put it, "there [was] no state court judgment or other final order to which Rooker-Feldman could apply." *Id.* at 3. Here, the allegedly offending interest rate was expressly stated in the state court judgment. Plaintiffs say the rate was wrong. So, unlike the *FDCPA Cognate Cases*, plaintiffs are asking the Court to "review[] the underlying judgments of the state courts …." *Id.*

enforce any liability created by this subchapter may be brought … within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

A plaintiff who alleges FDCPA violations that occurred outside the one-year window "will be barred from seeking relief for the untimely violations …." *Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed. Appx. 249, 259 (6th Cir. 2014) (citing *Purnell v. Arrow Fin. Servs., LLC*, 303 Fed. Appx. 297, 301 (6th Cir. 2008)). Alleged violations that fall within the one-year window "must be discrete violations; they cannot be the later effects of an earlier time-barred violation." *Slorp*, 587 Fed. Appx. at 259 (citing *Purnell*, 303 Fed. Appx. at 302 and *Ledbetter v. Goodyear Tire & Rubber, Co.*, 550 U.S. 618, 628, 127 S. Ct. 2162, 167, L. Ed.2d 982 (2007)). Since this action was filed on March 3, 2017, any claim based on a violation that occurred before March 3, 2016 is untimely and fails to state a claim upon which relief can be granted.[23]

Buck, Beckley, Robinson, Swagerty, and VanderKodde's claims are rooted in judgments that were entered long before March 3, 2016. The

---

[23] Buck, Beckley, Robinson, and Swagerty's claims do not relate back to the original complaint filing date. *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 317-20 (6th Cir. 2010). But the point is immaterial because they don't allege that Elliott sent any writs between March 3, 2016 and April 10, 2016. So, for simplicity, this brief uses the original filing date.

March 2012 judgment against VanderKodde is the latest judgment at issue

and it misses the mark by nearly four years. So their claims based on those

judgments, including the writs based on those judgments that were issued

before March 3, 2016, are plainly time-barred. The claims based on writs

that were issued after March 3, 2016 fail too. They were only "the later

effects of an earlier time-barred violation." *Slorp*, 587 Fed. Appx. at 259.

### 1. Claims based on the later effects of an alleged violation that is time barred are not actionable.

The Sixth Circuit's decision in *Slorp* is instructive on the "later

effects" principle. The defendant filed a foreclosure action, asserting that its

client had been assigned a mortgage on the plaintiff's property. The trial

court entered judgment for the defendant's client. The plaintiff later moved

to set aside the judgment, contesting the validity of the mortgage

assignment. The defendant opposed and filed an affidavit supporting the

assignment to the defendant's client. After the defendant voluntarily

dismissed the foreclosure action and the judgment was set aside, the

plaintiff filed an action alleging that the defendant violated the FDCPA

because the assignment was invalid.

The plaintiff argued that his claim was timely based on the affidavit that the defendant filed in opposition to his motion to set aside the judgment. The district court granted the defendant's motion to dismiss. The Sixth Circuit affirmed, explaining that the defendant's "opposition to Slorp's motion is not independently actionable because it merely gave 'present effect' to deceptive conduct that had occurred outside the limitation window." *Slorp*, 587 Fed. Appx. at 259. The Court analogized filing the affidavit to each pay check issued to a plaintiff alleging a discriminatory pay disparity. *Id*.; see *Ledbetter*, 550 U.S. at 628. The affidavit, like each pay check, wasn't a "fresh violation;" the defendants only "reaffirmed" their past deceptive actions. *Slorp*, 587 Fed. Appx. at 259.

The Sixth Circuit's recent decision in *Smith v. Lerner, Sampson & Rothfuss, L.P.A*, 658 Fed. Appx. 268 (6th Cir. 2016) is also instructive. Like *Slorp*, the defendant filed a foreclosure action against the plaintiff and obtained a default judgment for its client. The plaintiff later filed for bankruptcy. The defendant filed an objection to the Chapter bankruptcy plan on behalf of its client, asserting that the client held a mortgage on the plaintiff's property. When the plaintiff filed an FDCPA claim alleging that the mortgage wasn't validly assigned to the defendant's client, he argued

that the bankruptcy objection made his claim timely. Again, the district court and the Sixth Circuit rejected the plaintiff's argument. The Sixth Circuit explained that the bankruptcy filing "did not constitute a new FDCPA violation." *Id.* at 273. Rather, "[t]he filing was, as in *Slorp*, simply an action that gave 'continuing effect' to Bank of America's initial assertion that it had an interest in the mortgage, an interest first recognized in the state court." *Id.*

This Court also addressed a similar claim in *Castleberry v. Neumann Law P.C.*, No. 1:07-cv-856, 2008 WL 5744179 (W.D. Mich. July 9, 2008). The defendant obtained a default judgment against the plaintiff for its client and issued writs of garnishment in June 1999 and June 2005. The state court set aside the default and quashed the writs in 2007 because the complaint wasn't properly served and the client didn't produce evidence that it owned the debt. This Court held that the plaintiff's FDCPA claim was untimely because it accrued in 1999, when the first garnishment was sent. It explained that the claim accrued when the plaintiff knew or should have known of the asserted basis for his claim. *Id.* at *7 (citing *Holdsworth v. Najeway*, No. 95-3911, 99 F.3d 1199, 1996 WL 599817, *1 (6th Cir. Oct. 17, 1996)). Because the plaintiff should have known of the default judgment

16

and discovered who obtained it when he was garnished, his claim accrued in 1999 and was untimely:

> The court finds that Castleberry knew that he had suffered damages when he learned that his wages had been garnished, sometime shortly after Neuman mailed the garnishment letter to Landstar Gemini in June 1999. Castleberry not only knew that he had suffered damages (the garnishment); he was put on inquiry notice of possible actionable misconduct *by Neuman* long before Judge Tolen's January 2007 opinion. [*Castleberry*, 2008 WL 5744179, *7.]

This Court added that if the plaintiff "had conducted a minimally diligent investigation," he would have obtained "a copy of the default-judgment case file from Neuman or from the Berrien County court itself." *Id.* at *8. Because the claim accrued well over a year before the plaintiff filed it, this Court granted the defendant's motion for judgment on the pleadings. *Id.*

### 2. The writs and, more specifically, the interest calculations in the writs were mere later effects of the judgments providing for an allegedly incorrect interest rate.

Here, the allegedly deceptive conduct was obtaining a judgment that included an (allegedly) improper post-judgment interest rate. Any claim

17

based on obtaining the judgments over three years ago is plainly time barred. See 15 U.S.C. § 1692k(d); *Slorp*, 587 Fed. Appx. at 259.

The writs that calculated interest based on that allegedly improper rate only "gave 'present effect' to [allegedly] deceptive conduct that had occurred outside the limitation window." *Slorp*, 587 Fed. Appx. at 259. Like the bankruptcy filing in *Smith*, the interest calculated in the writs merely gave "continuing effect" to the interest rate that was first adopted in the state court judgment. *Smith*, 658 Fed. Appx. at 273. Accordingly, the writs were not "fresh," "new," or "discrete" FDCPA violations. They are mere "later effects of an earlier time-barred violation." *Slorp*, 587 Fed. Appx. at 259. So any claim based on the writs fails as a matter of law.

### 3. Even if the writs were discrete violations, this Court should dismiss all claims based on pre-March 3, 2016 writs.

Even if the writs were discrete violations (they're not), the majority of them were sent before March 3, 2016. Any claims based on the judgments and the pre-March 3, 2016 writs are barred by the one-year limitation period. 15 U.S.C. § 1692k(d); *Slorp*, 587 Fed. Appx. at 259.

Plaintiffs admit that they were served with each writ.[24] The interest calculations were on the face of the writs.[25] And the interest rate was stated in each default and consent judgment, which plaintiff also admit knowing about[26] and were readily accessible public records.

So, as this Court explained in *Castleberry*, plaintiffs had the information that they needed and either discovered or should have discovered their claims with "minimally diligent investigation." *Castleberry*, 2008 WL 5744179, *7-8. Accordingly, if the writs are treated as discrete violations, this Court should dismiss the claims based on the pre-March 3, 2016 writs, leaving only the following writs at issue:

- Buck writ sent in September 2016;[27]

- Beckley writ sent in September 2016;[28]

---

[24] *See, e.g.*, RE 5, First Amended Complaint, ¶27 ("**Elliott served the Writ** for Garnishment (Exhibit 3) **on** the Michigan Department of Treasury and **Ms. Buck**." (emphasis added)), Pg ID 18; *id.* at ¶61 (Beckley), Pg ID 23; *id.* at ¶89 (Robinson), Pg ID 28; *id.* at ¶114 (Swagerty), Pg ID 32; *id.* at ¶146 (VanderKodde), Pg ID 38.

[25] RE 5-3 to RE 5-9, Buck Writs, Pg ID 63-76; RE 5-12 to RE 5-16, Beckley Writs, Pg ID 84-93; RE 5-19 to RE 5-22, Robinson Writs, Pg ID 100-107; RE 5-25 to RE 5-32, Swagerty Writs, Pg ID 114-128; RE 5-35 to RE 5-42, VanderKodde Writs, Pg ID 136-151.

[26] Beckley and VanderKodde obviously knew about the consent judgments that they signed and plaintiffs allege that Elliott made "explicit representation[s] to the court and to [each defaulted defendant]" when seeking the default judgments. RE 5, First Amended Complaint, ¶¶25, 87, 112, Pg ID 17, 27-28, 32.

[27] RE 5, First Amended Complaint, ¶43, Pg ID 21; RE 5-9, Writ, Pg ID 76.

[28] RE 5, First Amended Complaint, ¶71, Pg ID 25; RE 5-16, Writ, Pg ID 93.

- Robinson writ sent in July 2016;[29]

- Swagerty writ sent in October 2016;[30]

- VanderKodde writs sent in September 2016 and February 2017.[31]

### Relief Requested

Defendant Mary Jane M. Elliott, P.C. asks that this Court grant its motion and dismiss plaintiffs' claims for lack of jurisdiction or, alternatively, enter judgment in Elliott's favor on plaintiffs' FDCPA claims.

COLLINS EINHORN FARRELL PC

BY: /s/ Eric M. Kociba
      THERESA M. ASOKLIS (P42709)
      ERIC M. KOCIBA (P63220)
      MICHAEL J. COOK (P71511)
      Attorney for Mary Jane M. Elliott, P.C.
      4000 Town Center, 9th Floor
      Southfield, MI 48075
      (248) 355-4141
Dated: September 25, 2017      eric.kociba@ceflawyers.com

---

[29] RE 5, First Amended Complaint, ¶96, Pg ID 30; RE 5-22, Writ, Pg ID 107.

[30] RE 5, First Amended Complaint, ¶129, Pg ID 36; RE 5-32, Writ, Pg ID 129.

[31] RE 5, First Amended Complaint, ¶¶160, 162, Pg ID 41; RE 5-41, Writ, Pg ID 149; RE 5-42, Writ, Pg ID 151.

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings this 25th day of September, 2017

By:      _____ U.S. Mail
         _____ Hand Delivered
         _____ Facsimile
         __X__ E-Filing


_____/s/ Hannah Wagener_____
             Hannah Wagener