UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN BUCK, ANITA BECKLEY,
RUBY ROBINSON, RITCHIE SWAGERTY,
and DANIEL VANDERKODDE,
on behalf of themselves and
all others similarly situated,

    Plaintiffs,                                      Case No. 1:17-cv-203

v.                                                          HON. PAUL L. MALONEY

MARY JANE M. ELLIOTT, P.C.,
BERNDT & ASSOCIATES, P.C.,
MIDLAND FUNDING LLC,
MIDLAND CREDIT MANAGEMENT, INC.,
ENCORE CAPITAL GROUP, INC., and
LVNV FUNDING LLC,

    Defendants.
_____/

## PROTECTIVE ORDER

Plaintiffs, by motion and appearing through their counsel of record, have requested entry of this Order. The Court finds good cause, under Rule 26(c), for a discovery protective order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**1.**     **Scope of Protective Order.** The parties contemplate that in the course of this litigation they may produce to one another certain Confidential Documents, as defined below, or portions of Confidential Documents in their possession. The term "Document" is comprehensively defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure, which defines document to include writings, drawings, graphs, charts, photographs, phone records, and other data compilations from

1

which information can be obtained, including electronically stored information. The term "Confidential Documents" shall specifically include, but not be limited to Documents containing any of the following:

(a) ***Protected Health Information:***

Protected Health Information (PHI) shall have the same scope and definition as set forth in *45 CFR 160.103* and *45 CFR 160.501* and shall include all individually identifiable health information, including demographic data, created or received by a health care provider that relates to the past, present or future physical or mental health of an individual, or the past present or future payment for health care to an individual and that identifies an individual (or could reasonably be used to identify an individual).

(b) ***Financial and/or Bank Customer Information:***

Personal and corporate financial, credit history, banking records including but not limited to: customer bank records, bank statements, general ledger entries, deposit information, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and financial information concerning assets, liabilities, net worth, and related confidential financial information. Examples of Confidential Documents also include, without limitation, documents containing a Bank customer's name, address, social security number, date of birth, account number, credit card number, personal or tax identification number, account balance, information relating to a deposit account, loan or borrower relationship, loan application materials, or any other identifying information.

(c) ***Personally Identifiable Information (PII)***

This category shall include information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information that is linked or linkable to a specific individual, and shall include "means of identification" as defined in 18 U.S.C. 1028d(7), which include any number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any

> name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number, unique biometric data, or other unique physical representation, unique electronic identification number, address, or routing code, or telecommunication identifying information.
>
> (d)     ***Trade Secret/Proprietary Information:***
>
> Documents and information that the producing party reasonably believes constitute, reflect, or disclose trade secrets, proprietary data or commercially sensitive information.

Irrespective of any confidential designation by a producing party, this Protective Order shall not apply to any documents independently obtained from a non-party on an unrestricted basis if a party obtained such documents in good faith and not in violation of any other protective order or agreement entered into by one of the parties in this or any other action.

**2.     Manner of Designation.** The parties shall designate Confidential Documents by stamping or otherwise marking them with the legend "Confidential" or "Confidential Documents Subject to Protective Order" or similar language. Any document marked in this manner by either party shall be subject to this Order.

**3.     Disclosure of Confidential Documents Prohibited.** Confidential Documents shall be used only for the purpose of this action and for no other purpose. Except as provided by the express terms of this Protective Order, all persons subject to this Order shall refrain from disclosing in any manner any information set forth in any Confidential Documents.

**4.     Exceptions to Prohibition on Disclosure.** Counsel for a party to this action may disclose Confidential Documents to the following persons, to the limited extent such disclosure is necessary, under the following specified circumstances:

**(a)** Officers or employees of any party in this action who are assisting counsel in the prosecution or defense of this action to the extent necessary for such assistance (including, but not limited to, the parties' attorneys, investigators, paralegals and other employees);

**(b)** Personnel of or counsel to any insurance company that issued any insurance policy under which Defendants are an insured (including, but not limited to, the Board of Directors, in-house attorneys, outside attorneys, investigators, experts, consultants, senior executives, and employees of any such insurance company) conducting, assisting, monitoring, reviewing, or making determinations with regard or related to the litigation, provided that each such person signs a written agreement to be bound by this Order in the form attached as Exhibit A; and reinsurers, auditors, or regulators to which any such insurance company is required to respond or report in the ordinary course of business regarding the subject matter of this litigation, but only so long as such persons or entities are already subject to substantially similar confidentiality obligations;

**(c)** Accountants, auditors or examiners required or authorized by law to review materials that may include Confidential Material for audit or tax preparation purposes;

**(d)** Persons specially retained by any of the attorneys or parties to this action to assist in the preparation of this action, including but not limited to vendors, experts, consultants, mediators and arbitrators, provided that such persons require access to the Confidential Documents or information in order to perform the

services for which they have been retained and provided that each such person signs a written agreement to be bound by this Order in the form attached as Exhibit A;

**(e)** Any person of whom testimony is to be taken in this litigation, provided that such a person may only be shown Confidential Documents to the extent necessary for such testimony and provided that such person is apprised of the confidential nature of the documents pursuant to Paragraph 5, below; and

**(f)** Court reporters to the extent necessary for them to record testimony at deposition, trial, or court proceedings.

**(g)** The Court and its personnel in an appropriate filing as provided elsewhere in this Order.

5. **Counsels' Obligation to Inform.** Prior to disclosing Confidential Documents to any person pursuant to paragraphs 4(a)-(e), counsel shall:

**(a)** Apprise that person of the confidential nature of the documents;

**(b)** Apprise that person that this Court, pursuant to this Order, has restricted the use of such documents; and

**(c)** Show that person a copy of this Order.

6. **Non-waiver of Privilege; Inadvertent Disclosure.** By agreeing to the procedures in this Order, the parties do not waive any legal right or privilege applicable to either the Confidential Documents or to any other request of, or discovery procedure available to, the parties to this action. Further, inadvertent disclosure of any privileged document in the course of discovery in this action shall not constitute waiver of any applicable legal right or privilege. In

the case of any such inadvertent disclosure of privileged documents, the receiving party shall, immediately upon becoming aware of the disclosure, or, if unaware of disclosure, within five (5) business days of receipt of a written request by the producing party, return the original to the producing party, destroy all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss, or quote the document, and delete any copy of the document, or any portion thereof, from any word processing database, tape, or disk the receiving party maintains. Return of a document over which the producing party has asserted a claim of privilege, protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing the production of the document on the ground that the claimed privilege, protection, or immunity is invalid or inapplicable; provided, however, that mere production of the document or information in the course of this action shall not constitute grounds for asserting waiver of the privilege, protection, or immunity.

7. **Filing with the Court.** In the event counsel for any of the parties wishes to file or submit to this Court any Confidential Documents (by way of pleadings, motions, briefs or any other papers or oral communication containing all or part of such document or information), counsel shall file the appropriate motion to seal or for restricted access filing in accordance with the procedures outlined in the Local Rules for the Western District of Michigan, including W.D. Mich. LCivR 10.6, and the party must seek leave of court before filing any Confidential Documents. The Court notes that good cause for filing under seal requires more than the showing of good cause for this discovery protective order under Rule 26(c).

8. **Objections to Confidential Designation.** All objections to any confidentiality designation(s) must be submitted to opposing counsel in writing, either by fax, email or U.S.

Mail. Within ten (10) calendar days of the designating party's receipt of such written notice from the objecting party, the designating party and the objecting party shall attempt to resolve the dispute. If an agreement on the designation cannot be reached, it shall be the designating party's obligation to seek a court order affirming that the information at issue is entitled to protection under the terms of this Order. The designating party shall move the Court for such an affirming order within ten (10) calendar days of the failed attempt to resolve the dispute, unless the parties stipulate in writing to a different time frame for the filing of such a motion. The information in question shall be treated, consistent with its designation, as confidential pending an order from the Court. A failure of the designating party to file its motion with the Court within the time designated in this paragraph, or such other time as to which the parties may otherwise agree (in writing), shall be deemed a waiver of the designation of the subject information as confidential; and the documents, information or other things originally so designated shall be deemed to be no longer subject to this Order and will no longer be protected by the confidentiality designation.

9. **Violation of this Order.** If a party has cause to believe that a violation of this Order has occurred or is about to occur, that party may petition this or any other proper court for appropriate relief. To the extent any party feels the protections of this Order are not adequate for particular Confidential Documents or information, that party may petition the Court for an appropriate amendment to this Order.

10. **Production of Confidential Documents in Response to Subpoena or In Connection with Judicial Proceedings.** Nothing in this Order shall prohibit any party from using or disclosing Confidential Documents in response to a subpoena or court order seeking

production of Confidential Documents or in connection with a criminal or administrative investigation by any government or governmental body, grand jury proceedings, or the trial or pretrial procedures and preparation of a criminal or administrative case.

**11.    Return or Destruction of Confidential Documents.** At the conclusion of this action, all Confidential Documents and copies thereof in the possession, custody or control of the parties shall be either returned to the producing party or destroyed. All notes, memoranda, summaries or other documents in the possession, custody or control of the parties referring to, describing, or relating to Confidential Documents shall be destroyed, except that counsel to each party may retain one copy of pleadings, transcripts, exhibits, notes, memoranda, and correspondence even if such documents constitute or contain confidential information. Such material retained by counsel shall continue to be subject to the terms and conditions of this Protective Order, and shall be returned to the producing party or be destroyed upon the expiration of the applicable statute of limitations for claims related to that counsel's representation of the receiving party. Nothing in this paragraph applies to documents filed with or otherwise in the possession of the Court.

**12.    Other Provisions.** This Protective Order shall be binding upon the parties hereto from the date of execution, notwithstanding the date of entry of this Order by the Court.

**IT IS SO ORDERED.**

Dated: November 21, 2017          /s/ RAY KENT
                                  United States Magistrate Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SUSAN BUCK, ANITA BECKLEY,
RUBY ROBINSON, RITCHIE SWAGERTY,
and DANIEL VANDERKODDE,
on behalf of themselves and
all others similarly situated,

    Plaintiffs,                                              Case No. 1:17-cv-203

v.                                                                  HON. PAUL L. MALONEY

MARY JANE M. ELLIOTT, P.C.,
BERNDT & ASSOCIATES, P.C.,
MIDLAND FUNDING LLC,
MIDLAND CREDIT MANAGEMENT, INC.,
ENCORE CAPITAL GROUP, INC., and
LVNV FUNDING LLC,

    Defendants.
_____/

**AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

I have read the Agreed Protective Order issued on _____, 2017, in the above-captioned case and agree to abide by its terms. Additionally, I further agree to consent to the jurisdiction of the United States District Court for the Western District of Michigan Southern Division, for the purposes of enforcement of the Protective Order.

        Name (signature):   _____
               Name (print):   _____
                       Address:   _____
      City, State, Zip Code:   _____
           Office Telephone:   _____
           Home Telephone:   _____
                  Date signed:   _____