**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| SUSAN BUCK, ANITA BECKLEY, RUBY ROBINSON, RITCHIE SWAGERTY, and DANIEL VANDERKODDE, on behalf of themselves and all others similarly situated, | Case No.: 1:17-cv-203 |
| Plaintiffs, | Honorable Paul L. Maloney |
| vs. | |
| MARY JANE M. ELLIOTT, P.C., BERNDT & ASSOCIATES, P.C., MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT, INC., ENCORE CAPITAL GROUP, INC. and LVNV FUNDING LLC, | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |

**DEFENDANTS' LVNV FUNDING, LLC, MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., AND ENCORE CAPITAL GROUP, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants LVNV Funding, LLC, Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. (the "Defendants") by and through their attorneys, move this Court for an Order dismissing Plaintiffs' Complaint, with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 56, because Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, for the reasons set forth in this Court's May 15, 2018 and June 4, 2018 Opinions (ECF No. 109, PageID.2075-2089; ECF No. 116, PageID.2120-2124). In support of their motion, Defendants rely upon the law and arguments set forth in the accompanying brief in support.

Pursuant to L. Civ. R. 7.1(d), counsel for Defendants contacted counsel for Plaintiffs and requested concurrence in the relief sought in the present motion, but concurrence was denied, despite the fact that the Court has already ruled on the exact legal issues central to this motion.

WHEREFORE, Defendants request that this Court grant their Motion and enter an Order dismissing Plaintiffs' Complaint with prejudice, award Defendants their costs and fees in bringing this Motion, and granting such other relief in Defendants' favor, and against Plaintiffs, as is just and proper.

Respectfully submitted,

LVNV FUNDING LLC,
Defendant

By: /s/ *Nabil G. Foster*
Nabil G. Foster
Hinshaw & Culbertson LLP
151 N. Franklin, Suite 2500
Chicago, IL  60606
Tel: 312-704-3000
E-mail: nfoster@hinshawlaw.com

MIDLAND FUNDING, LLC, MIDLAND
CREDIT MANAGEMENT, INC., AND
ENCORE CAPITAL GROUP, INC.
Defendants

/s/ *Theodore W. Seitz*
Theodore W. Seitz (P60302)
Dykema Gossett PLLC
201 Townsend Street, Suite 900
Lansing, MI 48933
Tele: (517) 374-9137
Email:  tseitz@dykema.com

302360346v1 0997981

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| SUSAN BUCK, ANITA BECKLEY, RUBY ROBINSON, RITCHIE SWAGERTY, and DANIEL VANDERKODDE, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>MARY JANE M. ELLIOTT, P.C., BERNDT & ASSOCIATES, P.C., MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT, INC., ENCORE CAPITAL GROUP, INC. and LVNV FUNDING LLC,<br><br>    Defendants. | Case No.: 1:17-cv-203<br><br>Honorable Paul L. Maloney |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**ORAL ARGUMENT REQUESTED**

302360346v1 0997981

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 2

STATEMENT OF FACTS .................................................................................................. 2

STANDARD OF REVIEW ................................................................................................. 3

ARGUMENT ....................................................................................................................... 5

A.    THE ROOKER-FELDMAN DOCTRINE BARS PLAINTIFFS' CLAIMS BASED ON THE MICHIGAN STATE COURT JUDGMENTS AND WRITS .............. 5

     1.    Rooker-Feldman Doctrine ................................................................................ 5

     2.    This Court has already found that the Rooker-Feldman doctrine applies and there is no subject matter jurisdiction ............................................................. 6

     3.    Rooker-Feldman applies to all claims in this case. ............................................... 6

B.    ALTERNATIVELY, NO SUPPLEMENTAL JURISDICTION EXISTS FOR PLAINTIFFS' STATE LAW CLAIMS. .............................................................. 8

     1.    This Court should decline supplemental jurisdiction regarding Plaintiffs' state law claims under 28 U.S.C. § 1367 ............................................................. 8

CONCLUSION .................................................................................................................... 9

CERTIFICATE OF SERVICE .......................................................................................... 11

302360346v1 0997981

## **TABLE OF AUTHORITIES**
**Page(s)**

**Cases**

*Allen v. Indep. Bank Corp.*,
  Case No. 1:10-cv-502, 2010 U.S. Dist. LEXIS 53230 (W.D. MI. May 18, 2010) (Maloney, J.) ........................................................................................................5

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 ............................................................................................................4

*Blue Cross & Blue Shield of Md. v. Weiner*,
  868 F.2d 1550 (10th Cir. 1986) ...............................................................................7

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986).................................................................................................4

*Cmty. Treatment Ctrs., Inc. v. City of Westland*,
  970 F. Supp. 1197 (E.D. Mich. 1997)......................................................................7

*Coregis Ins. Co. v. City of Hamtramck*,
  12 F. Supp. 2d 650 (E.D. MI. 1998) .....................................................................6, 7

*ExxonMobil Corp. v. Saudi Basic Indus. Corp.*,
  544 U.S. 280 (2005).................................................................................................5

*Garry v. Geils*,
  82 F.3d 1362 (7th Cir. 1996) ...................................................................................7

*Hale v. Harney*,
  786 F.2d 688 (5th Cir. 1986) ...................................................................................7

*Hankins v. The Gap, Inc.*,
  84 F.3d 797 (6th Cir. 1996) .................................................................................8, 9

*Hart v. Comerica*,
  957 F. Supp. 958 (E.D. Mich. 1997)........................................................................7

*Keene Corp. v. Cass*,
  908 F.2d 293 (8th Cir. 1990) ...................................................................................7

*Kokkonen v. Guardian Life Ins. Co.*,
  511 U.S. 375 (1994).................................................................................................4

*Lacey v. Gonzales*,
  499 F.3d 514 (6th Cir. 2007) ...................................................................................3

*Marks v. Tennessee*,
 554 F.3d 619 (6th Cir. 2009) ..................................................................................................5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
 475 U.S. 547 (1986)................................................................................................................4

*Musson Theatrical, Inc. v. Fed. Exp. Corp.*,
 89 F.3d 1244 (6th Cir. 1996) ..................................................................................................8

*Pennzoil Co. v. Texaco, Inc.*,
 481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (Marshall, J. concurring) .........................7

*Ritter v. Ross*,
 992 F.2d 750 (7th Cir. 1993) ("Impermissible appellate review may occur
 when a district court is asked to entertain a claim that was not even argued in
 the state court but is [still] 'inextricably intertwined' with the state court
 judgment." *Id.*, *quoting and citing Feldman*, 460 U.S. at 483 n.16) ........................................7

*Rogers v. Stratton Indus., Inc.*,
 798 F.2d 913 (6th Cir. 1986) ..................................................................................................4

*Schulze v. Twp. of Claybanks*,
 Case No. 1:09-cv-724, 2009 U.S. Dist. LEXIS 100129 (W.D. MI. Oct. 27,
 2009)(Maloney, J.).................................................................................................................5

*In re Smith*,
 349 F. Appx. 12, 2009 U.S. App. LEXIS 21169, 2009 WL 3049202 (6th Cir.
 Sept. 24, 2009) .......................................................................................................................5

*Taylor v. First of Am. Bank-Wayne*,
 973 F.2d 1284 (6th Cir. 1992) ................................................................................................9

*Worldwide Church of God v. McNair*,
 805 F.2d 888 (9th Cir. 1986) ..................................................................................................7

**Statutes**

28 U.S.C. § 1257....................................................................................................................5

28 U.S.C. § 1367....................................................................................................................8

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ........................................................2

FDCPA................................................................................................................................6

M.C.L. § 339.915 *et seq.*................................................................................................................2

Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* .......................................................2

v

**Other Authorities**

Fed. R. Civ. P. 12(h)(3) ................................................................................................................3

Rule 12(b)(1) of the Federal Rules of Civil Procedure ..................................................................3

Opinions, ECF No. 109, PageID.2075-2089 ................................................................................2

Rule 12(b)(1) ..............................................................................................................................4, 8

Rule 56 ............................................................................................................................................8

**STATEMENT OF THE ISSUES PRESENTED**

Whether Defendant is entitled to summary judgment on Plaintiff's claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. because of a lack of subject matter jurisdiction?

Defendants' Answer: "Yes"

Whether Defendant is entitled to summary judgment on Plaintiff's claims under the Michigan Collection Practices Act, M.C.L. § 445.252 *et seq*. and the Michigan Occupational Code, M.C.L. § 339.915 because of a lack of subject matter jurisdiction?

Defendants' Answer: "Yes"

## INTRODUCTION

This lawsuit arises out of Michigan state court judgments in favor of Defendants LVNV Funding LLC ("LVNV"), and Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc., and affiliates of Midland Funding, LLC (collectively "Defendants") and some of the co-defendants in this case. Plaintiffs allege that when Defendants requested writs of garnishment that included post-judgment interest, the interest awarded by the state courts was allegedly calculated at a rate not authorized by law. Plaintiffs are alleging an error was made in the judgment or final order of a state-court proceeding and, as a result; this case falls clearly within the *Rooker-Feldman* doctrine.

Specifically, Plaintiffs allege that all of the Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq*. ("MCPA") and the Michigan Occupational Code, M.C.L. § 339.915 *et seq*. ("MOC"). However, because this case is based upon challenges to state court judgments, the *Rooker-Feldman* doctrine prohibits this Court form taking jurisdiction over all three claims. This Court has already determined that it does not have jurisdiction over these claims when it granted co-defendants' motions to dismiss in a written opinion. (Opinions, ECF No. 109, PageID.2075-2089; ECF No. 116, PageID.2120-2124). . This Court should similarly rule that it lacks subject matter jurisdiction for the claims against Defendant.

## STATEMENT OF FACTS

LVNV owns the debts owed by two of the named plaintiffs RITCHIE SWAGERTY ("Swagerty") and DANIEL VANDERKODDE ("Vanderkodde"). Midland Funding, LLC owns the debts owed by Plaintiffs Susan Buck, Anita Beckley and Ruby Robinson. Co-defendants

2

MARY JANE M. ELLIOTT, P.C. and BERNDT & ASSOCIATES, P.C. are law firms in Michigan that obtained judgments for LVNV in Michigan state courts against Vanderkodde, Swagerty, Buck, Robinson, and Beckley, respectively.

As the Court already explained:

> The plaintiffs in this lawsuit were defendants in debt-collection lawsuits filed in state courts. In each state-court case, a judgment entered, which granted the state-court plaintiff prejudgment interest at a rate of 13%. Subsequently, the defendants in this lawsuit submitted, to state court clerks, requests for writs of garnishment that included post-judgment interest. In the requests for writs of garnishment, the defendants signed an affidavit attesting to the amount of judgment interest accrued to date. The plaintiffs, the defendants in the underlying state-court actions, assert that interest requested in the writs of garnishment was calculated at a rate not authorized by law.

(ECF No. 109, PageID.2075.). Plaintiffs attached more than forty documents to the complaint, including the judgments against them and the subsequent requests for writs of garnishment.

For the sake of brevity, the Defendants adopt and incorporate the arguments, facts, documents, and exhibits presented in support of the motions to dismiss filed by MARY JANE M. ELLIOTT, P.C. and BERNDT & ASSOCIATES, P.C. in this case under ECF docket numbers 60, 61, 64 and 65. The Defendants also adopt and incorporate the statements of fact, findings and conclusions of this Court, as stated in this Court's written opinions granting the co-defendants' motions to dismiss under ECF docket numbers 109 and 116.

## STANDARD OF REVIEW

Plaintiffs, as the parties opposing dismissal, have the burden of establishing subject-matter jurisdiction. *Lacey v. Gonzales*, 499 F.3d 514, 518 (6th Cir. 2007). This Court must dismiss the case if it finds "at any time" that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a motion to dismiss for lack of subject matter jurisdiction. To survive a 12(b)(1) motion, a plaintiff has the burden of

3

demonstrating that this Court has jurisdiction over the matter. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In considering a Rule 12(b)(1) motion, the Court is empowered to resolve factual disputes and may consider documents outside the pleadings. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915-16 (6th Cir. 1986).

In the alternative, summary judgment shall be granted if the summary judgment record shows that: (1) there is no genuine dispute, (2) as to any material fact, and (3) the moving party is entitled to judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of establishing that there is no genuine issue of material fact. *Id*. at 330, n. 2. The entry of summary judgment is inappropriate where there exists a genuine and material issue of facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48(1986). Substantive law defines which facts are material, and only disputes over facts that might affect the outcome of the case will defeat summary judgment. *Id*. at 248, 106 S.Ct. at 2510. Although all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party, once the movant has met its burden of demonstrating the absence of a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the materials facts" to prevent its entry. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 547, 586-87 (1986). It is not sufficient for the party opposing summary judgment to provide a mere scintilla of evidence supporting its case. *Liberty Lobby*, 477 U.S. at 252.

**ARGUMENT**

A.  **The *Rooker-Feldman* Doctrine Bars Plaintiffs' Claims Based on the Michigan State Court Judgments and Writs and Precludes This Court From Exercising Subject Matter Jurisdiction.**

   1.  ***Rooker-Feldman* Doctrine**

Defendant adopts and incorporates the arguments for the application of the *Rooker-Feldman* Doctrine raised in this case under ECF docket numbers 60, 61, 64 and 65. The following supplements the arguments and case law cited in ECF #s 60, 61, 64 and 65.

Under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments. *In re Smith,* 349 F. Appx. 12, 2009 U.S. App. LEXIS 21169, 2009 WL 3049202, *2 (6th Cir. Sept. 24, 2009) (citing *Marks v. Tennessee*, 554 F.3d 619, 622 (6th Cir. 2009)). This is so because 28 U.S.C. § 1257, "as long interpreted, vests authority to review a state court's judgment solely in the [U.S. Supreme] Court." *ExxonMobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). *Schulze v. Twp. of Claybanks*, Case No. 1:09-cv-724, 2009 U.S. Dist. LEXIS 100129, at *32 (W.D. MI. Oct. 27, 2009)(Maloney, J.).

This Court has already determined that "Plaintiffs' injuries were caused by the writ or the judgment" see Court's order at ECF No. 116. Accordingly, "the Rooker-Feldman doctrine bars this court from entertaining the instant complaint, as doing so would constitute review of the state trial court's rulings." *Allen v. Indep. Bank Corp.*, Case No. 1:10-cv-502, 2010 U.S. Dist. LEXIS 53230, at *7-8 (W.D. MI. May 18, 2010) (Maloney, J.).  The only legitimate way for Plaintiffs in this case "to secure federal-court review of the Michigan courts' disposition of [their] state court judgment and writ] dispute is to seek review up to and including the Michigan Supreme Court before coming to federal court." Case No. 1:10-cv-502, 2010 U.S. Dist. LEXIS 53230, at *5 (W.D. MI. May 18, 2010)(Maloney, J.).  Plaintiffs pursued no such state court

5

appellate review, but rather ran to federal court to promulgate litigation seeking a windfall of damages and attorney fees.

### 2. This Court has already found that the *Rooker-Feldman* doctrine applies and there is no subject matter jurisdiction

On May 15, 2018, this Court issued a written opinion and order concluding that:

This Court does not have jurisdiction to review judgments and orders issued in state courts, only the United States Supreme Court has that authority. Defendant Mary Jane M. Elliott has demonstrated that Plaintiffs' FDCPA claims arise from the underlying judgments in state courts. Those judgements authorized interest at a specific rate. The writs of garnishment that sought to collect post-judgment interest merely calculated the additional interest at the rate authorized by the judgment. Plaintiffs' claim, that the post-judgment interest calculation was a legal error, is a collateral attack on the underlying judgment. Defendant Bernd & Associates has demonstrated that the writ of garnishment is a court order and is the source of Plaintiffs' injuries.

On June 4, 2018, this Court issued another written opinion denying the Plaintiffs' motion for reconsideration of this Court's finding that it lacks subject matter jurisdiction over Plaintiffs' claims. This Court's written opinion stated that "the Court concluded that Plaintiffs' injuries were caused by the writ or the judgment, and not the affidavit. Because federal courts do not have the authority to reverse allegedly erroneous state court judgments under the *Rooker-Feldman* doctrine" the Plaintiff's claims were dismissed for lack of subject matter jurisdiction. (See ECF# 116).

### 3. *Rooker-Feldman* applies to all claims in this case.

*Rooker-Feldman* applies to all matters before a Federal District Court which were the subject of, or inextricably intertwined with, a prior State court judgment. *Coregis Ins. Co. v. City of Hamtramck*, 12 F. Supp. 2d 650, 655 (E.D. MI. 1998).

"The U.S. Courts of Appeal and the U.S. Supreme Court have stated broadly that when presented with claims that raise issues which were the subject of, or inextricably intertwined

6

with, state court decisions, the inferior federal courts must apply the *Rooker-Feldman* Doctrine and dismiss the claims, even where the inextricably intertwined issues underlying the claims before it were not raised in state court, or where the time for appeal in the state court system has expired. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (Marshall, J. concurring) *Garry v. Geils*, 82 F.3d 1362, 1369-70 (7th Cir. 1996); *Keene Corp. v. Cass*, 908 F.2d 293 (8th Cir. 1990); *Worldwide Church of God v. McNair*, 805 F.2d 888 (9th Cir. 1986); *Hale v. Harney*, 786 F.2d 688 (5th Cir. 1986); *Blue Cross & Blue Shield of Md. v. Weiner*, 868 F.2d 1550, 1556 (10th Cir. 1986). Put simply, claims like these are barred from the inferior federal courts because these courts have no authority to review state court decisions or any issues that either the state court or the parties considered or raised, or could have, in the course of the state court decisions. *See, e.g., Garry*, 82 F.3d at 1369-70; *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993) ("Impermissible appellate review may occur when a district court is asked to entertain a claim that was not even argued in the state court but is [still] 'inextricably intertwined' with the state court judgment." *Id.*, *quoting and citing Feldman*, 460 U.S. at 483 n.16). *See also Hart v. Comerica*, 957 F. Supp. 958 (E.D. Mich. 1997); *Cmty. Treatment Ctrs., Inc. v. City of Westland*, 970 F. Supp. 1197 (E.D. Mich. 1997). *Coregis Ins. Co. v. City of Hamtramck*, 12 F. Supp. 2d 650, 654 (E.D. MI. 1998).

In this case, the Plaintiffs' two Michigan state law claims are inextricably intertwined with the Michigan state court judgments. Indeed, Plaintiffs' claims, including as to all of the remaining Defendants, are based upon the content of the Michigan state court judgments and the post-judgment writs from those judgements.  As the Court previously found, the *Rooker-Feldman* doctrine applies to this case, and bars the Court's review.  In their Complaint, Plaintiffs—state court losers—seek to challenge Michigan state-court judgments and writs of

7

garnishment. The *Rooker-Feldman* doctrine bars such actions, as they are inextricably intertwined with the state court's decisions. As the Court held: "The plaintiffs' remedy was to file an objection or an appeal, not a federal lawsuit. Federal district courts do not have the authority to review allegedly erroneous judgments and orders rendered in the state courts." (ECF# No. 109, PageID.2076.) Therefore, because this Court lacks subject matter jurisdiction over Plaintiffs' claims, it should dismiss the Complaint under Fed. R. Civ. P. 12(b)(1), or in the alternative Rule 56.

B.  **Alternatively, No Supplemental Jurisdiction Exists for Plaintiffs' State Law Claims.**

   1.  **This Court should decline supplemental jurisdiction regarding Plaintiffs' state law claims under 28 U.S.C. § 1367**

Well-settled precedent establishes that pendent state-law claims should normally be dismissed when the federal claims are dismissed prior to trial. See *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). In deciding whether to retain jurisdiction over the state claims, the Court "consider[s] the interests of judicial economy and the avoidance of multiplicity of litigation and balance[s] those interests against needlessly deciding state law issues." *Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996) (citation omitted).

The supplemental jurisdiction statute, 28 U.S.C. § 1367, explicitly allows district courts to dismiss pendent state law claims if all federal claims have been dismissed:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> . . .
>
> (3) the district court has dismissed all claims over which it has original jurisdiction . . .

8

The Sixth Circuit has "instructed district courts, before deciding whether to retain jurisdiction over the state claims, to 'consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues.'" *Landefeld*, 994 F.2d at 1182. In addition, [the Sixth Circuit] has stated that "generally, 'if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.'" *Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996) (citing *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992)).

There is no reason this Court should endeavor to decide Michigan State law issues when the Michigan State Court system is better suited for making those decisions.

## **CONCLUSION**

For these reasons, Defendants request that this Court grant their Motion and enter an Order dismissing Plaintiffs' Complaint with prejudice, award Defendants their costs and fees in bringing this Motion, and grant such other relief in Defendants' favor, and against Plaintiffs, as is just and proper.

Dated: August 15, 2018                     Respectfully submitted,

                                                             LVNV FUNDING LLC,
                                                             Defendant

                                                             By:   /s/ *Nabil G. Foster*

|  |
|---|
| Nabil G. Foster |

Nabil G. Foster
Hinshaw & Culbertson LLP
151 N. Franklin, Suite 2500
Chicago, IL 60606
Tel: 312-704-3000
E-mail: nfoster@hinshawlaw.com

MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., AND ENCORE CAPITAL GROUP, INC.
Defendants

 /s/ Theodore W. Seitz
Theodore W. Seitz (P60302)
Dykema Gossett PLLC
201 Townsend Street, Suite 900
Lansing, MI 48933
Tele: (517) 374-9137
Email: tseitz@dykema.com

10

**CERTIFICATE OF SERVICE**

      I hereby certify that on **August 15, 2018**, I electronically filed the with the Clerk of the U.S. District Court, Western District of Michigan, the foregoing **Joint Motion for Summary Judgment and Memorandum in Support** by using the CM/ECF system, which will send notification of such filing(s) to all attorneys of record and via U.S. Mail, First Class to all non-attorneys:

*Attorneys for Plaintiff(s)*

Phillip C. Rogers
Kevin J. Rogers
LAW OFFICE OF PHILLIP C. ROGERS
6140 28th Street SE, Suite 115
Grand Rapids, MI  49546-6938
Phone: (616) 776-1176
consumerlawyer@aol.com
rogersattorney@gmail.com

Theodore J. Westbrook
WESTBROOK LAW PLLC
6140 28th Street SE, Suite 115
Grand Rapids, MI  49546-6938
Phone: (616) 288-9548
twestbrook@westbrook-law.net

*Counsel for Defendant Mary Jane M. Elliott, P.C.*
Eric M. Kociba
COLLINS EINHORN FARRELL PC
4000 Town Ctr., Suite 909
Southfield, MI 48075
eric.kociba@ceflawyers.com

*Counsel for Defendant Berndt & Associates, P.C.*
C. Thomas Ludden
LIPSON NEILSON COLE SELTZER & GARIN PC
3910 Telegraph Rd., Suite 200
Bloomfield Hills, MI 48302
tludden@lipsonneilson.com

*Counsel for Defendants*
*Midland Credit Management, Inc., Midland Funding LLC and Encore Capital Group, Inc.*
TheodoreW. Seitz
DYKEMA GOSSETT PLLC
Capitol View Bldg.
201 Townsend St., Suite 900
Lansing, MI 48933
tseitz@dykema.com


    /s/ *Nabil G. Foster*
    Nabil G. Foster
    HINSHAW & CULBERTSON LLP