UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SUSAN BUCK, ANITA BECKLEY,
RUBY ROBINSON, RITCHIE SWAGERTY,
and DANIEL VANDERKODDE,
on behalf of themselves and
all other similarly situated,

     Plaintiffs,

vs.

MARY JANE M. ELLIOTT, P.C.,
BERNDT & ASSOCIATES, P.C.,
MIDLAND FUNDING LLC,
MIDLAND CREDIT MANAGEMENT, INC.,
ENCORE CAPITAL GROUP, INC., and
LVNV FUNDING LLC,

     Defendants.

_____/

Case No: 1:17-cv-203
Hon. Paul. L. Maloney

## DEFENDANT MARY JANE M. ELLIOTT, P.C.'S
## MOTION FOR JUDGMENT ON FDCPA CLAIMS AND TO DISMISS
## STATE-LAW CLAIMS

### ORAL ARGUMENT REQUESTED

Mary Jane M. Elliott, P.C., through its attorneys, Collins Einhorn Farrell PC, requests that this Court enter judgment in Elliott's favor on plaintiffs' claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.,* under Fed. R. Civ. Pro. 12(c). Elliott also requests that

this Court decline to exercise supplemental jurisdiction over the plaintiffs'

state-law claims and dismiss those claims without prejudice pursuant to 28

U.S.C. § 1367(c). In support of its motion, Elliott relies on the attached brief.

COLLINS EINHORN FARRELL PC

BY*:*   */s/ Theresa M. Asoklis*_____
　　　 THERESA M. ASOKLIS (P42709)
　　　 JEFFREY R. HICKS (P74279)
　　　 MICHAEL J. COOK (P71511)
　　　 Attorney for Mary Jane M. Elliott, P.C.
　　　 4000 Town Center, 9th Floor
　　　 Southfield, MI 48075
　　　 (248) 355-4141
Dated: April 10, 2020　　 Theresa.Asoklis@ceflawyers.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SUSAN BUCK, ANITA BECKLEY,
RUBY ROBINSON, RITCHIE SWAGERTY,
and DANIEL VANDERKODDE,
on behalf of themselves and
all other similarly situated,

      Plaintiffs,                           Case No: 1:17-cv-203
                                          Hon. Paul. L. Maloney

vs.

MARY JANE M. ELLIOTT, P.C.,
BERNDT & ASSOCIATES, P.C.,
MIDLAND FUNDING LLC,
MIDLAND CREDIT MANAGEMENT, INC.,
ENCORE CAPITAL GROUP, INC., and
LVNV FUNDING LLC,

      Defendants.
_____/

**BRIEF IN SUPPORT OF
DEFENDANT MARY JANE M. ELLIOTT, P.C.'S
MOTION FOR JUDGMENT ON FDCPA CLAIMS AND TO DISMISS
STATE-LAW CLAIMS**

**ORAL ARGUMENT REQUESTED**

# Table of Contents

Index of Authorities ................................................................................. ii

Issues Presented ..................................................................................... v

Controlling and Most Appropriate Authority ................................................. vi

Introduction ........................................................................................1

Statement of Facts ................................................................................2

Standard of Review.................................................................................6

Issue I ...............................................................................................7

   A. The FDCPA's one-year limitation period bars plaintiffs' claims as a
   matter of law..................................................................................7

      1. Claims based on the later effects of an alleged violation that is time
      barred are not actionable...............................................................9

      2. The writs and, more specifically, the interest calculations in the
      writs were mere later effects of the judgment providing for an
      allegedly incorrect interest rate......................................................12

      3. Even if the writs were discrete violations, this Court should dismiss
      all claims based on pre-March 3, 2016 writs. .....................................16

Issue II.............................................................................................17

   A. This Court should decline to exercise supplemental jurisdiction over
   plaintiffs' state-law claims .................................................................17

     1.This Court should decline to exercise supplemental jurisdiction
     over the state-law claims if it dismisses the FDCPA claims.............18

     2.This Court should decline to exercise supplemental jurisdiction
     even if it doesn't dismiss the FDCPA claims....................................19

      i. Novel and complex issues of state law..............................19

      ii.Exceptional circumstances exist to decline jurisdiction.................22

Relief Requested ..................................................................................25

# Index of Authorities

## *Cases*

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009) ........................7

*Asher v. Unarco Material Handling, Inc.,*
   596 F.3d 313 (6th Cir. 2010) ................................................................................8

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ...................................7

*Carnegie-Mellon Univ. v. Cohill,*
   484 U.S. 343, 108 S. Ct. 614, 98 L.Ed.2d 720 (1988) .......................................19

*Castleberry v. Neumann Law P.C.,*
   No. 1:07-cv-856, 2008 WL 5744179 (W.D. Mich. July 9, 2008) ............. 11, 12

*Citizens For A Better Algonac Cmty Sch v Algonac Cmty Sch,*
   317 Mich App 171; 894 NW2d 645, 651 (2016) ...............................................22

*Fisher Sand & Gravel v. Sweebe,*
   837 N.W.2d 244 (Mich. 2013) .................................................................... 21, 22

*Gradisher v. Check Enforcement Unit, Inc.*
   133 F.Supp.2d 988 (W.D. Mich. 2001) ...................................................... 24, 28

*Holdsworth v. Najeway,*
   No. 95-3911, 99 F.3d 1199, 1996 WL 599817 (6th Cir. Oct. 17, 1996) .... 12, 13

*In re: FDCPA Cognate Cases,*
   W.D. Mich. Case No. 1:13-cv-01338-RJJ, Dkt 52 ............................................23

*JPMorgan Chase Bank, NA v Winget,*
   510 F.3d 577 (6th Cir. 2007) ...........................................................................2, 6

*Kottmyer v. Maas*,
    436 F.3d 684 (6th Cir. 2006)...........................................................................2, 7

*Ledbetter v. Goodyear Tire & Rubber, Co.*,
    550 U.S. 618, 127 S. Ct. 2162, 167, L. Ed.2d 982 (2007) ....................................8

*Misleh v. Timothy E. Baxter & Associates*,
    786 F. Supp.2d 1330 (E.D. Mich. 2011)..........................................................22

*Moon v. Harrison Piping Supply*,
    465 F.3d 719 (6th Cir. 2006)........................................................................19

*Purnell v. Arrow Fin. Servs., LLC*,
    303 Fed. Appx. 297, 301 (6th Cir. 2008).........................................................8

*Richard v. Oak Tree Group, Inc.*,
    614 F. Supp. 2d 814 (W.D. Mich. 2008) .............................................. 19, 20, 21

*Rippy ex rel. Rippy v. Hattaway*,
    270 F.3d 416, 420 (6th Cir. 2001).................................................................6

*Rockey v. Courtesy Motors, Inc.*,
    199 F.R.D. 578 (W.D.Mich.2001) .............................................................. 20, 21

*Rouster v. Saginaw*,
    749 F.3d 437 (6th Cir. 2014).......................................................................19

*Slorp v. Lerner, Sampson & Rothfuss*,
    587 Fed. Appx. 249 (6th Cir. 2014)...........................................................passim

*Smith v. Lerner, Sampson & Rothfuss, L.P.A*,
    658 Fed. Appx. 268 (6th Cir. 2016)...........................................................passim

*Stolicker v. Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C.*,
    2005 WL 2180481 (W.D. Mich. 2008)............................................................22

*Statutes*

15 U.S.C. § 1692................................................................................. passim

28 U.S.C. § 1331.........................................................................................17

28 U.S.C. § 1367(c) .......................................................... 2, 17, 18, 19, 24

*Rules*

Fed. R. Civ. Pro. 12(b)(6) .....................................................................2, 6

Fed. R. Civ. Pro. 12(c) .........................................................................2, 6

Mich. Ct. R. 3.501(A)(5) ................................................................... 22, 23

**Issues Presented**

### I.

FDCPA claims are subject to a one-year limitation period. Over three years ago, Elliott obtained state-court judgments against plaintiff that provided for 13% judgment interest. Plaintiffs' claim that the interest rate is excessive under Michigan law. They claim that Elliott violated the FDCPA when it sent writs using the 13% interest rate. Are plaintiffs' claims time barred because the writs are, at best, the later effects of a time-barred claim?

Elliott answers, yes.

### II.

This Court has supplemental jurisdiction over the plaintiffs' claims under the Michigan Regulation of Collection Practices Act. But it has wide discretion whether to exercise that jurisdiction. While the FDCPA and the MCPA address similar subjects, they aren't identical. And there's a dearth of guidance from Michigan courts on how to apply the MCPA. Should this Court nevertheless exercise supplemental jurisdiction here?

Elliott answers, no.

## Controlling and Most Appropriate Authority

Fed. R. Civ. P. 12(c)

15 U.S.C. § 1692k(d)

*Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed. Appx. 249 (6th Cir. 2014)

*Smith v. Lerner, Sampson & Rothfuss, L.P.A*, 658 Fed. Appx. 268 (6th Cir. 2016)

28 U.S.C. § 1367(c)

## Introduction

Plaintiffs' claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* fail for a simple reason—they're time barred. FDCPA claims are subject to a one-year limitation period. Plaintiff's claims are rooted in actions that led to state-court judgments adopting an interest rate that they claim is excessive under Michigan law. Since the judgments are over three years old, plaintiffs point to Elliott filing writs of garnishment after the judgments. Elliott used the same interest rate as the judgments for the writs. Doing so isn't a new violation; it's the later effect of a time-barred claim based on the actions that led to state-court judgments. Since any alleged FDCPA violation occurred more than one year before plaintiffs filed this action, plaintiffs' FDCPA claims are time barred and fail as a matter of law.

Like many FDCPA complaints, plaintiffs' complaint also alleges claims under the Michigan Regulation of Collection Practices Act, M.C.L. § 445.251, *et seq*. This Court routinely declines to exercise supplemental jurisdiction over MCPA claims—for good reason. Though similar, the FDCPA and MCPA are not identical and there's a dearth of Michigan authority on the MCPA. Simply put, comity weighs heavily against this

Court shouldering the complexities of navigating subtle distinctions between the FDCPA and MCPA only to potentially become the first to create new state-law liability.

### Statement of Facts[1]

Elliott represented clients in debt-collection actions against Susan Buck, Anita Beckley, Ruby Robinson, Ritchie Swagerty, and Daniel VanderKodde.[2] Each action was based on defaulted credit card debt.[3] In each action, Elliott obtained a judgment for its client against the defendant (either through default or consent).[4]

---

[1] The following recitation of facts accepts plaintiffs' factual allegations as true only for the purpose of resolving this motion. *See JPMorgan Chase Bank, NA v Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (standard for Rule 12(c) motion is the same as a Rule 12(b)(6) motion); *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (under 12(b)(6), the court accepts plaintiffs' factual allegations as true).

[2] RE 5, First Amended Complaint, ¶¶22-23, 57-58, 84-85, 109-110, 141-142, Pg ID 16, 22, 27, 31, 37; RE 36, Elliott Answer, ¶¶22-23, 57-58, 84-85, 109-110, 141-142, Pg ID 715-716, 722-723, 729, 734-735, 743.

[3] RE 5, First Amended Complaint, ¶¶19-20, 54-55, 81-82, 106-107, 139-140, Pg ID 16, 22, 27, 31, 37.

[4] RE 5, First Amended Complaint, ¶¶24, 59, 86, 111, 143, Pg ID 17, 23, 27, 31-32, 37-38; RE 5-2, Buck Default Judgment, Pg ID 62; RE 5-11, Beckley Consent Judgment, Pg ID 83; RE 5-18, Robinson Default Judgment, Pg ID 99; RE 5-24, Swagerty Default Judgment, Pg ID 113; RE 5-34, VanderKodde Consent Judgment, Pg ID 135.

With one exception, the judgments expressly stated that they would accrue interest at the statutory rate of 13%.[5] The judgment against Swagerty provided for interest at the rate of 4.06%.[6]

Beckley and VanderKodde signed the consent judgments that were entered against them and the court clerks certified that they served copies of the defaults on Buck, Robinson, and Swagerty.[7] The judgments were entered before 2013:

- Buck – Default Judgment, September 2009;

- Beckley – Consent Judgment, February 2009;

- Robinson – Default Judgment, September 2007;

- Swagerty – Default Judgment, July 2008;

- VanderKodde – Consent Judgment, March 2012.[8]

After obtaining a judgment against each plaintiff, Elliott obtained and served writs of garnishment against Buck, Beckley, Robinson, and

---

[5] RE 5-2, Buck Default Judgment, Pg ID 62; RE 5-11, Beckley Consent Judgment, Pg ID 83; RE 5-18, Robinson Default Judgment, Pg ID 99; RE 5-24, Swagerty Default Judgment, Pg ID 113; RE 5-34, VanderKodde Consent Judgment, Pg ID 135.

[6] RE 5-24, Swagerty Default Judgment, Pg ID 113.

[7] *Id.*

[8] *Id.*

Vanderkodde. Elliott did not serve a writ or take other collection action against Swagerty. Defendant Berndt & Associates PC handled the collection on the judgment against Swagerty.[9]

Each writ that Elliott served calculated post-judgment interest at the 13% rate specified in the judgments.[10] The writs were served at various times against each defendant:

- Buck writs served September 2009 to September 2016.[11]

- Beckley writs served October 2011 to September 2016.[12]

- Robinson writs served September 2011 to July 2016.[13]

- VanderKodde writs served July 2013 to February 2017.[14]

Buck, Beckley, Robinson, and VanderKodde admit that Elliott served them with a copy of each writ.[15]

---

[9] RE 5, First Amended Complaint, ¶113.

[10] RE 5-3 to RE 5-9, Buck Writs, Pg ID 63-76; RE 5-12 to RE 5-16, Beckley Writs, Pg ID 84-93; RE 5-19 to RE 5-22, Robinson Writs, Pg ID 100-107; RE 5-25 to RE 5-32, Swagerty Writs, Pg ID 114-128; RE 5-35 to RE 5-42, VanderKodde Writs, Pg ID 136-151.

[11] RE 5-3 to RE 5-9, Buck Writs, Pg ID 63-76.

[12] RE 5-12 to RE 5-16, Beckley Writs, Pg ID 84-93.

[13] RE 5-19 to RE 5-22, Robinson Writs, Pg ID 100-107.

[14] RE 5-35 to RE 5-42, VanderKodde Writs, Pg ID 136-151.

On March 3, 2017, VanderKodde filed this action.[16] Buck, Beckley, Robinson, and Swagerty were added through amendment on April 10, 2017.[17]

The amended complaint alleges that Elliott violated the FDCPA and the MCPA because the 13% interest rate exceeded the amount permitted under state law.[18] More specifically, the amended complaint alleges that the state-court judgments could only accrue interest at a lower rate because they were not based on written contracts, promissory notes, or negotiable instruments.[19] And because Elliott obtained the judgments and sent writs based on the 13% interest rate, the complaint alleges that Elliott violated four sections of the FDCPA and two sections of the MCPA.[20]

---

[15] *See, e.g.,* RE 5, First Amended Complaint, ¶27 ("Elliott served the Writ for Garnishment (Exhibit 3) on the Michigan Department of Treasury and Ms. Buck."), Pg ID 18; *id.* at ¶61 (Beckley), Pg ID 23; *id.* at ¶89 (Robinson), Pg ID 28; *id.* at ¶146 (VanderKodde), Pg ID 38.

[16] RE 1, Complaint.

[17] RE 5, First Amended Complaint.

[18] RE 5, First Amended Complaint, ¶¶3, 176, 181-188, 191-192, Pg ID 12, 43-45; *see* Mich. Comp. Laws § 600.6013.

[19] RE 5, First Amended Complaint, ¶¶3, 176, Pg ID 12, 43.

[20] RE 5, First Amended Complaint, ¶¶181-188 (citing 15 U.S.C. §§ 1692e(2)(A), (8), (10), and 1692f(1)).

This Court previously dismissed this case for lack of jurisdiction under the *Rooker-Feldman* doctrine. *VanderKodde v. Mary Jane M. Elliott, P.C.*, 314 F. Supp. 3d 836 (W.D. Mich. 2018). Plaintiffs appealed and the Sixth Circuit reversed. *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397 (6th Cir. 2020). Relying an opinion that it issued a month earlier, the Court held that *Rooker-Feldman* did not apply because "plaintiffs target defendants' 'actions in tallying the amount of relief requested,' rather than the state-court judgments themselves." *Id.* (quoting *Van Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889, 893 (6th Cir. 2020)). The panel expressly declined to address the statute-of-limitations issue that Elliott raised in its motion to dismiss and via cross-appeal. *VanderKodde*, 951 F.3d at 404.

## Standard of Review

This Court reviews a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure using the same standards applicable to a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, NA v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). A motion under Rule 12(b)(6) "test[s] whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 420 (6th Cir. 2001). In order to properly

6

state a claim on which relief can be granted, a complaint must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citations omitted). This Court must construe the complaint in the light most favorable to plaintiffs and accept all factual allegations as true, but it "need not … accept as true legal conclusions or unwarranted factual inferences." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). Dismissal is appropriate when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quotation omitted).

## Issue I

### A. The FDCPA's one-year limitation period bars plaintiffs' claims as a matter of law.

This Court should enter judgment in Elliott's favor on plaintiffs' FDCPA claims because they are untimely. FDCPA claims are subject to a one-year limitation period. *See* 15 U.S.C. § 1692k(d) ("an action to enforce

any liability created by this subchapter may be brought … within one year from the date on which the violation occurs."). A plaintiff who alleges FDCPA violations that occurred outside the one-year window "will be barred from seeking relief for the untimely violations …." *Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed. Appx. 249, 259 (6th Cir. 2014) (citing *Purnell v. Arrow Fin. Servs., LLC*, 303 Fed. Appx. 297, 301 (6th Cir. 2008)). Alleged violations that fall within the one-year window "must be discrete violations; they cannot be the later effects of an earlier time-barred violation." *Slorp*, 587 Fed. Appx. at 259 (citing *Purnell*, 303 Fed. Appx. at 302 and *Ledbetter v. Goodyear Tire & Rubber, Co.*, 550 U.S. 618, 628, 127 S. Ct. 2162, 167, L. Ed.2d 982 (2007)).

Since this action was filed on March 3, 2017, any claim based on a violation that occurred before March 3, 2016 is untimely.[21] The state-court judgments were entered before 2013. Any claim based on actions leading to those judgments is plainly time barred. Claims based on actions taken in

---

[21] Buck, Beckley, Robinson, and Swagerty's claims do not relate back to the original complaint filing date. *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 317-20 (6th Cir. 2010). But the point is immaterial because they don't allege that Elliott sent any writs between March 3, 2016 and April 10, 2016. So, for simplicity, this brief uses the original filing date.

reliance on those judgments are barred too. They're merely "the later effects of an earlier time-barred violation." *Slorp*, 587 Fed. Appx. at 259.

If Elliott's use of the 13% interest rate violates the FDCPA, the violation occurred before Elliot obtained the state-court judgments, i.e., long before March 3, 2016. Elliott's use of the same interest rate when filing writs is, at best, the later effect of those time-barred claims. It follows that plaintiffs' claims are untimely.

## 1. Claims based on the later effects of an alleged violation that is time barred are not actionable.

The Sixth Circuit's decision in *Slorp* is instructive on the "later effects" principle. The defendant filed a foreclosure action, asserting that its client had been assigned a mortgage on the plaintiff's property. The trial court entered judgment for the defendant's client. The plaintiff later moved to set aside the judgment, contesting the validity of the mortgage assignment. The defendant opposed and filed an affidavit supporting the assignment to the defendant's client. After the defendant voluntarily dismissed the foreclosure action and the judgment was set aside, the plaintiff filed an action alleging that the defendant violated the FDCPA because the assignment was invalid.

The plaintiff argued that his claim was timely based on the affidavit that the defendant filed in opposition to his motion to set aside the judgment. The district court granted the defendant's motion to dismiss. The Sixth Circuit affirmed, explaining that the defendant's "opposition to Slorp's motion is not independently actionable because it merely gave 'present effect' to deceptive conduct that had occurred outside the limitation window." *Slorp*, 587 Fed. Appx. at 259.

*Slorp* analogized filing the affidavit to each pay check issued to a plaintiff alleging a discriminatory pay disparity. *Id*.; see *Ledbetter*, 550 U.S. at 628. The affidavit, like each pay check, wasn't a "fresh violation;" the defendants only "reaffirmed" their past deceptive actions. *Slorp*, 587 Fed. Appx. at 259.

The Sixth Circuit's decision in *Smith v. Lerner, Sampson & Rothfuss, L.P.A*, 658 Fed. Appx. 268 (6th Cir. 2016) is also instructive. Like *Slorp*, the defendant filed a foreclosure action against the plaintiff and obtained a default judgment for its client. The plaintiff later filed for bankruptcy. The defendant filed an objection to the Chapter 13 bankruptcy plan on behalf of its client, asserting that the client held a mortgage on the plaintiff's property. When the plaintiff filed an FDCPA claim alleging that the

mortgage wasn't validly assigned to the defendant's client, he argued that the bankruptcy objection made his claim timely. Again, the district court and the Sixth Circuit rejected the plaintiff's argument. The Sixth Circuit explained that the bankruptcy filing "did not constitute a new FDCPA violation." *Id.* at 273. Rather, "[t]he filing was, as in *Slorp*, simply an action that gave 'continuing effect' to Bank of America's initial assertion that it had an interest in the mortgage, an interest first recognized in the state court." *Id.*

This Court also addressed a similar claim in *Castleberry v. Neumann Law P.C.*, No. 1:07-cv-856, 2008 WL 5744179 (W.D. Mich. July 9, 2008). The defendant obtained a default judgment against the plaintiff for its client and issued writs of garnishment in June 1999 and June 2005. The state court set aside the default and quashed the writs in 2007 because the complaint wasn't properly served and the client didn't produce evidence that it owned the debt. This Court held that the plaintiff's FDCPA claim was untimely because it accrued in 1999, when the first garnishment was sent. It explained that the claim accrued when the plaintiff knew or should have known of the asserted basis for his claim. *Id.* at *7 (citing *Holdsworth v. Najeway*, No. 95-3911, 99 F.3d 1199, 1996 WL 599817, *1 (6th Cir. Oct. 17,

11

1996)). Because the plaintiff should have known of the default judgment

and discovered who obtained it when he was garnished, his claim accrued

in 1999 and was untimely:

> The court finds that Castleberry knew that he had
> suffered damages when he learned that his wages
> had been garnished, sometime shortly
> after Neuman mailed the garnishment letter to Landstar
> Gemini in June 1999. Castleberry not only knew that
> he had suffered damages (the garnishment); he was
> put on inquiry notice of possible actionable
> misconduct *by Neuman* long before Judge Tolen's
> January 2007 opinion. [*Castleberry*, 2008 WL
> 5744179, *7.]

This Court added that if the plaintiff "had conducted a minimally

diligent investigation," he would have obtained "a copy of the default-

judgment case file from Neuman or from the Berrien County court itself."

*Id.* at *8. Because the claim accrued well over a year before the plaintiff filed

it, this Court granted the defendant's motion for judgment on the

pleadings. *Id.*

### 2. The writs and, more specifically, the interest calculations in the writs were mere later effects of the judgments providing for an allegedly incorrect interest rate.

Here, plaintiffs claim that Elliott obtained judgments that included an

(allegedly) improper interest rate. Any claim based on Elliott's actions

leading to the judgments over four years before Vanderkodde filed this case is plainly time barred. *See* 15 U.S.C. § 1692k(d); *Slorp*, 587 Fed. Appx. at 259.

The writs that calculated interest based on that allegedly improper rate only "gave 'present effect' to [allegedly] deceptive conduct that had occurred outside the limitation window." *Slorp*, 587 Fed. Appx. at 259. Like the bankruptcy filing in *Smith*, the interest calculated in the writs merely gave "continuing effect" to the interest rate that was first adopted in the state court judgment. *Smith*, 658 Fed. Appx. at 273. Accordingly, the writs were not "fresh," "new," or "discrete" FDCPA violations. They are mere "later effects of an earlier time-barred violation." *Slorp*, 587 Fed. Appx. at 259. So any claim based on Elliott filing the writs fails as a matter of law.

In prior briefing, plaintiffs argued that each writ was "a distinct FDCPA violation" because it "included a new, increased, excessive amount of post-judgment interest." (Sixth Circuit Doc. 49, Plaintiff's Third Brief (Corrected), Pages 38-39). Their position is rooted in the premise that the judgments didn't establish the interest rate. They're wrong.

This Court previously observed that "the underlying state-court judgments established the interest rate for both prejudgment and post-

judgment interest ….." (Opinion and Order, RE 109, Page ID # 2082). The Sixth Circuit agreed. *See VanderKodde v Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 401 (6th Cir. 2020) ("[M.C.L. §] 600.6013(8) does not distinguish between pre-judgment and postjudgment interest."); *id.* at 403 ("But MCL § 600.6013(8) makes no distinction between pre-judgment interest and post-judgment interest. Both are calculated in the exact same way.").

The consent judgments state that they "**will earn** interest at statutory rates, computed from the filing of the complaint" and then specify and apply "the statutory rate of 13%:"



The judgments calculate the "interest accrued **thus far**" and require an attachment "[i]f additional rates apply …."[23] There are no attachments.

---

[22] RE 5-34, VanderKodde Consent Judgment, Page ID # 135; RE 5-11, Beckley Consent Judgment, Page ID # 83.

[23] RE 5-34, VanderKodde Consent Judgment, Page ID # 135 (emphasis added); RE 5-11, Beckley Consent Judgment, Page ID # 83.

The default judgments are substantially the same, though, instead of referencing "additional rates," they state, "[i]f needed, attach separate sheet:"



In short, the rate that the judgments "will earn" (future interest) is the same as the interest rate used "from the filing date of the complaint" (past interest). So, as this Court stated and the Sixth Circuit agreed, prejudgment and post-judgment interest are calculated the same. (Opinion and Order, RE 109, Page ID # 2082); *VanderKodde*, 951 F.3d at 401, 403; see also M.C.L. §600.6013(7) ("[I]nterest is calculated from the date of filing the complaint to the date of satisfaction of the judgment ….").

The Sixth Circuit's opinion further solidifies the application of *Slorp* and *Smith*'s "later effects" analysis. The panel emphasized that "plaintiffs target defendants' 'actions in tallying the amount of relief requested'" in the writs. *VanderKodde*, 951 F.3d at 403. Likewise, the plaintiffs in *Smith* and

---

[24] RE 5-2, Buck Default Judgment, Page ID # 62; RE 5-18, Robinson Default Judgment, Page ID # 99.

*Slorp* targeted the defendants' filing of an objection in bankruptcy court (*Smith*) and an affidavit (*Slorp*) after they obtained foreclosure judgments based on invalid assignments. The defendants in *Smith* and *Slorp* didn't have to file the objection or affidavit any more than Elliott had to file the writs. When they did, though, they merely relied on what had already been done. So their action was a mere later effect, not a new violation. In all three cases (*Smith*, *Slorp*, and here), the FDCPA violation, if any, occurred before the judgments were entered. The subsequent actions taken in reliance on the judgments were mere "later effects" of that past violation, not new violations.

Plaintiffs' real grievance is with what led to the judgments. But those events occurred well over a year before plaintiffs filed this action. It follows that their claims are time barred. 15 U.S.C. § 1692k(d).

### 3. Even if the writs were discrete violations, this Court should dismiss all claims based on pre-March 3, 2016 writs.

Even if the writs were discrete violations (they're not), the majority of them were sent before March 3, 2016. Any claims based on the judgments and the pre-March 3, 2016 writs are barred by the one-year limitation period. 15 U.S.C. § 1692k(d); *Slorp*, 587 Fed. Appx. at 259. So, at a

minimum, this Court should dismiss the claims based on the pre-March 3,

2016 writs, leaving only the following writs at issue:

- Buck writ sent in September 2016;[25]

- Beckley writ sent in September 2016;[26]

- Robinson writ sent in July 2016;[27]

- Swagerty writ sent in October 2016;[28]

- VanderKodde writs sent in September 2016 and February 2017.[29]

## Issue II

**A. This Court should decline to exercise supplemental jurisdiction over plaintiffs' state-law claims.**

This Court only has original jurisdiction over plaintiffs' FDCPA

claim. *See* 28 U.S.C. § 1331; 15 U.S.C. § 1692k(d). Their other claims are

state-law claims under the Michigan Regulation of Collection Practices Act,

M.C.L. § 445.251, *et seq*. Plaintiffs pleaded those claims based on this

Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367. But this Court has

---

[25] RE 5, First Amended Complaint, ¶43, Pg ID 21; RE 5-9, Writ, Pg ID 76.

[26] RE 5, First Amended Complaint, ¶71, Pg ID 25; RE 5-16, Writ, Pg ID 93.

[27] RE 5, First Amended Complaint, ¶96, Pg ID 30; RE 5-22, Writ, Pg ID 107.

[28] RE 5, First Amended Complaint, ¶129, Pg ID 36; RE 5-32, Writ, Pg ID 129.

[29] RE 5, First Amended Complaint, ¶¶160, 162, Pg ID 41; RE 5-41, Writ, Pg ID 149; RE 5-42, Writ, Pg ID 151.

discretion whether to exercise its supplemental jurisdiction. *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). As it has consistently done, this Court should decline to exercise supplemental jurisdiction over the MCPA claims. *See, e.g., Kilbourn v. Candy Ford-Mercury, Inc.*, 209 F.R.D. 121, 133-134 (W.D. Mich. 2002); *Peters v. Cars To Go, Inc.*, 184 F.R.D. 270, 275 (W.D. Mich. 1998); *VanDenBroeck v Commonpoint Mortg. Co.*, 22 F. Supp. 2d 677, 691 (W.D. Mich. 1998); *Brown v. Asset Acceptance, LLC*, No. 1:17-cv-795, 2019 WL 7582832, *7 (W.D. Mich. Oct. 31, 2019); *Taylor v. Precision Prop. Mgmt.*, No. 1:14-cv-75, 2015 WL 1756981, *12 (W.D. Mich. Apr. 17, 2015).

### 1. This Court should decline to exercise supplemental jurisdiction over the state-law claims if it dismisses the FDCPA claims.

A district court may decline to exercise supplemental jurisdiction when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). So, if this Court dismisses the FDCPA claims based on the statute of limitations, it may properly decline to exercise supplemental jurisdiction over the state-law claims. *Id.* In fact, appellate courts have instructed that, absent unusual circumstance not present here, district courts should decline to exercise supplemental jurisdiction over state-law

claims after dismissing all federal claims. *Rouster v. Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014) ("'[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims.'") (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L.Ed.2d 720 (1988).

## 2. This Court should decline to exercise supplemental jurisdiction even if it doesn't dismiss the FDCPA claims.

This Court should decline to exercise that supplemental jurisdiction under 28 U.S.C. § 1367(c)(1) and (4). The MCPA claims raise novel and complex issues of state law and other exceptional circumstances compel declining jurisdiction.

### i. Novel and complex issues of state law

Federal courts are hesitant to exercise supplemental jurisdiction over state-law claims when the state-law claims present novel issues of state law. For example, in *Richard v. Oak Tree Group, Inc.*, 614 F. Supp. 2d 814 (W.D. Mich. 2008), the plaintiff asserted claims against a debt collector under the FDCPA and the Michigan Occupational Code (MOC). The Court declined to exercise supplemental jurisdiction over the state-law claims.

19

There was no case law interpreting the MOC provisions. *Id.* at 825. The

Court explained that "[c]omity cautions that this court should not create

new state-law liability in this case. These issues should be addressed in the

first instance by the Michigan state courts." *Id.*

 *Richard* cited extensively from *Rockey v. Courtesy Motors, Inc.*, 199

F.R.D. 578 (W.D. Mich. 2001), which explained the factors relevant to and

weighing against exercising supplemental jurisdiction:

> The district court's discretion is informed by factors
> of judicial economy, convenience, fairness and
> comity. 196 F.3d at 620. When facing novel or
> complex state law**, district courts are to be
> cognizant that there may be 'nuances' of state law
> better left for resolution in the first instance by the
> state courts**.

*Id*. at 596 (emphasis added). The *Rockey* court specifically cited a policy in

which it would refrain from creating new obligations under state law,

without the guidance of the state's courts:

> **Although plaintiffs have asserted claims under a
> number of state statutes, there is not a single
> published state-court opinion on point** ... **Each of
> these claims would require the court to apply a
> Michigan statute in an unprecedented fashion,
> with no guidance from any Michigan appellate
> court.... Comity cautions that a federal court
> should not be the first court to step in and create
> new state-law liability.** Economy, convenience and

fairness also weigh against burdening this federal action with an excess overlay of state law.

*Id.* at 596-597 (emphasis added).

Here, as in *Rockey* and *Richard*, there is no guidance from the Michigan courts about how they would apply the MCPA. Indeed, the plaintiffs' theory is a novel extrapolation of a Michigan Supreme Court decision on a separate issue of law. In *Fisher Sand & Gravel v. Sweebe*, 837 N.W.2d 244 (Mich. 2013), the Michigan Supreme Court held that account stated claims are subject to Michigan's general six-year statute of limitations, and not on the statute of limitations for contracts for sale of goods. Plaintiffs will surely claim that, based on *Fisher Sand*, defendants requested and the courts ordered the wrong interest rate under MCL 600.6013. Such a claim, that charging the specific interest rate over another violates the MCPA, is a novel one. Defendant has not located a single published case on this issue to determine whether the Michigan Supreme Court would hold that a separate interest rate should apply to collection cases after *Fisher Sand*, whether that decision was retroactive to collection

cases that reached a judgment prior to the *Fisher Sand* decision in 2013[30], or which subsection of 600.6013 to apply when considering a judgment based on a complaint with allegations that support breach of contract and account stated claims.

There is also no guidance from Michigan courts as to whether law firms such as Elliott are "regulated persons" under the MCPA. Federal courts that have addressed the issue haven't reached consistent results.[31]

### ii.  Exceptional circumstances exist to decline jurisdiction.

Plaintiffs seek to represent a class. But Michigan doesn't permit a class action on plaintiffs' MCPA claims. Mich. Ct. R. 3.501(A)(5) provides that actions on a statute that provides for a penalty or minimum amount of recovery (as the MCPA does), cannot be maintained as class actions unless

---

[30] Typically, Michigan's Supreme Court decisions are given retroactive effect to pending cases in which a challenge has been raised and preserved. *Citizens For A Better Algonac Cmty Sch v Algonac Cmty Sch*, 317 Mich App 171, 185; 894 NW2d 645, 651 (2016). No such challenges are present here.

[31] See for example *Stolicker v. Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C.*, No. 1:04-cv-733, 2005 WL 2180481 (W.D. Mich. Sept. 9, 2008) (finding that law firms collecting debts in the name of a client do not fall under the definition of "regulated person" in the MCPA); *Misleh v. Timothy E. Baxter & Associates*, 786 F. Supp. 2d 1330 (E.D. Mich. 2011) (finding that law firms acting in the name of a client do fall under the definition of "regulated person" in the MCPA, by comparing the statute to the Michigan Occupational Code)

the statute explicitly authorizes a class action (which the MCPA does not).[32]

Therefore, considering the state claims here alongside the federal claims

would essentially permit a class action that would **not** be permitted in a

Michigan court.

The state-law claims present endless, additional opportunities for

confusion due to their differing legal theories and different statute of

limitations. The FDCPA and the MCPA are not identical statutes; they have

differing legal theories and potential defenses. *In re: FDCPA Cognate Cases*,

W.D. Mich. Case No. 1:13-cv-01338-RJJ, Dkt 52, **(Attachment 1).** They also

have differing statutes of limitations. The statute of limitations under the

MCPA is six years, M.C.L. § 445.911(7), while the FDCPA has a one-year

limitation period (discussed above).

In *In re: FDCPA Cognate Cases*, this Court abstained from deciding

state-law claims for reasons that included the potential confusion of trying

FDCPA claims with MCPA claims. This Court noted that the putative

classes for the federal and state law theories would no doubt overlap, but

---

[32] Mich. Ct. R. 3.501 (A)(5) provides that "[a]n action for a penalty or minimum amount of recovery without regard to actual damages imposed or authorized by statute may not be maintained as a class action unless the statute specifically authorizes its recovery in a class action."

would not be identical. One reason cited for abstention was the longer

statute of limitations for the state-law claims, which "not only creates

needless management problems, it also creates potentially distorted

incentives when it comes to allocation of the resources of class counsel and

settlement considerations." *Id*. The Court also noted that the differing legal

theories "would be confusing for not only the Court and the parties, but

also for the jury called upon to decide the case." *Id*.

Plaintiffs will likely cite to overlapping facts between its federal and

state-law claims in an attempt to justify an extension of supplemental

jurisdiction. But this Court has often found that the overlapping facts are

not determinative. For instance, in *Gradisher v. Check Enforcement Unit, Inc.*

133 F. Supp. 2d 988 (W.D. Mich. 2001), the court declined to extend

supplemental jurisdiction to the MCPA claims, despite the fact that the

factual allegations underlying both the federal and state claims were

essentially the same:

> In any event, this Court finds that the state law
> issues are novel and complex enough that this
> Court should decline to exercise its supplemental
> jurisdiction pursuant to 28 U.S.C. § 1367(c)(1). [This]
> **Court recognizes that the parties might have to**
> **pursue overlapping paths in state court and in this**
> **Court, but this Court also notes that the state**

24

**claims merely raise additional legal theories of recovery for the same alleged wrongdoing and seek essentially the same scope of relief that could be granted by this Court.** Furthermore, the doctrines of claim and issue preclusion would bar inconsistent findings of fact and allow federal courts to make legal rulings on federal claims and state courts to make legal rulings on state claims. **Thus, comity is recognized by this Court's refusal to hear the state claims.**

*Id.* at 993 (emphasis added).

Like *Gradisher*, comity weighs in favor of this Court declining to exercise supplemental jurisdiction over the state-law MCPA claims, and these concerns may be considered even despite any similarity in facts.

## Relief Requested

Defendant Mary Jane M. Elliott, P.C. asks that this Court enter judgment in Elliott's favor on plaintiffs' FDCPA claims. Regardless whether it does so, this Court should decline to exercise supplemental jurisdiction over plaintiffs' state-law claims and dismiss them without prejudice.

25

COLLINS EINHORN FARRELL PC

BY*:*   */s/ Theresa M. Asoklis*_____
          THERESA M. ASOKLIS (P42709)
          JEFFREY R. HICKS (P74279)
          MICHAEL J. COOK (P71511)
          Attorney for Mary Jane M. Elliott, P.C.
          4000 Town Center, 9th Floor
          Southfield, MI 48075
          (248) 355-4141
Dated: April 10, 2020          Theresa.Asoklis@ceflawyers.com

### Certificate of Service

I hereby certify that on April 10, 2020, a copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties to the above cause to each of the attorneys of record herein.

BY*:*   */s/ Theresa M. Asoklis*_____
          THERESA M. ASOKLIS (P42709)
          COLLINS EINHORN FARRELL PC
          Attorney for Mary Jane M. Elliott, P.C.
          4000 Town Center, 9th Floor
          Southfield, MI 48075
          (248) 355-4141
Dated: April 10, 2020          Theresa.Asoklis@ceflawyers.com

26