UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SUSAN BUCK, ANITA BECKLEY,
RUBY ROBINSON, RITCHIE SWAGERTY,
and DANIEL VANDERKODDE,
on behalf of themselves and
all other similarly situated,

  Plaintiffs,

vs.

MARY JANE M. ELLIOTT, P.C.,
BERNDT & ASSOCIATES, P.C.,
MIDLAND FUNDING LLC,
MIDLAND CREDIT MANAGEMENT, INC.,
ENCORE CAPITAL GROUP, INC., and
LVNV FUNDING LLC,

  Defendants.
_____/

Case No: 1:17-cv-203
Hon. Paul. L. Maloney

**REPLY BRIEF IN SUPPORT OF
DEFENDANT MARY JANE M. ELLIOTT, P.C.'S
MOTION FOR JUDGMENT ON FDCPA CLAIMS AND TO DISMISS
STATE-LAW CLAIMS**

**ORAL ARGUMENT REQUESTED**

## Table of Contents

Index of Authorities ................................................................................................ ii

Issues Presented ................................................................................................... iv

Controlling and Most Appropriate Authority ..................................................... v

A.  Plaintiffs' claims are time-barred because they haven't alleged an independent FDCPA violation within the one-year limitation period. They've alleged only the continuing effect of a time-barred claim ......... 1

B.  This Court should decline to exercise supplemental jurisdiction over plaintiffs' state-law claims ........................................................................... 5

Relief Requested ................................................................................................. 11

Case 1:17-cv-00203-PLM-RSK   ECF No. 140,  PageID.2381   Filed 05/22/20   Page 3 of 18

# Index of Authorities

*Cases*

*Alken-Ziegler, Inc. v. Hague*,
  767 N.W.2d 668 (Mich. App. 2009)...................................................................10

*Chenensky v. New York Life Ins. Co.*,
  942 F. Supp.2d 388 (2013) ................................................................................10

*Dubridge v. Ocwen Loan Svcg*,
  2014 WL 1878770 (W.D. Mich. 2014)................................................................8

*In re: FDCPA Cognate Cases*,
  W.D. Mich. Case No. 1:13-cv-01338-RJJ.......................................................9, 11

*Kindle v. City of Jefferson, Ky.*,
  589 Fed. Appx. 747 (6th Cir. 2014).....................................................................6

*Ledbetter v. Goodyear Tire & Rubber, Co.*,
  550 U.S. 618, 127 S. Ct. 2162, 167, L. Ed.2d 982 (2007) ..................................4

*Purnell v. Arrow Fin. Servs., LLC*,
  303 Fed. Appx. 297 (6th Cir. 2008)..................................................................3, 4

*Richard v. Oak Tree Group, Inc.*,
  614 F. Supp. 2d 814 (W.D. Mich. 2008) .......................................................7, 10

*Rockey v. Courtesy Motors, Inc.*,
  199 F.R.D. 578 (W.D. Mich. 2001) ...............................................................7, 10

*Shady Grove Orthopedic Associates, P.A., v. Allstate Ins Co.*,
  559 U.S. 393 (2010) ..........................................................................................10

*Slorp v. Lerner, Sampson & Rothfuss*,
  587 Fed. Appx. 249 (6th Cir. 2014)........................................................ passim

*VanderKodde v. Mary Jane M. Elliott, P.C.*,
   951 F.3d 397 (6th Cir. 2020) .................................................................................. 6, 7

### *Statutes*

15 U.S.C. § 1692k(d) ........................................................................................................ v

28 U.S.C. § 1367(c) .......................................................................................................... v

28 U.S.C. § 1367(c)(3) ................................................................................................... 11

M.C.L. § 445.252(e) ........................................................................................................ 7

M.C.L. § 600.6013 .................................................................................................. 5, 6, 7

M.C.L. § 600.6013(7) ...................................................................................................... 7

### *Rules*

Fed. R. Civ. P. 12(b)(1) .................................................................................................. 5

Fed. R. Civ. P. 12(c) ....................................................................................................... v

Fed. R. Civ. P. 23 ......................................................................................................... 10

Mich. Ct. R. 3.501(A)(5) ........................................................................................... 9, 10

## Issues Presented

### I.

FDCPA claims are subject to a one-year limitation period. Over three years ago, Elliott obtained state-court judgments against plaintiffs that provided for 13% judgment interest. Plaintiffs claim that the interest rate is excessive under Michigan law. They claim that Elliott violated the FDCPA when it sent writs using the 13% interest rate. Are plaintiffs' claims time-barred because the writs are, at best, the later effects of a time-barred claim?

Elliott answers, yes.

Plaintiffs answer, no.

### II.

This Court has supplemental jurisdiction over the plaintiffs' claims under the Michigan Regulation of Collection Practices Act. But it has wide discretion whether to exercise that jurisdiction. While the FDCPA and the MRCPA address similar subjects, they aren't identical. And there's a dearth of guidance from Michigan courts on how to apply the MRCPA. Should this Court nevertheless exercise supplemental jurisdiction here?

Elliott answers, no.

Plaintiffs answer, yes.

## Controlling and Most Appropriate Authority

Fed. R. Civ. P. 12(c)

15 U.S.C. § 1692k(d)

*Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed. Appx. 249 (6th Cir. 2014)

*Smith v. Lerner, Sampson & Rothfuss, L.P.A*, 658 Fed. Appx. 268 (6th Cir. 2016)

28 U.S.C. § 1367(c)

**A. Plaintiffs' claims are time-barred because they haven't alleged an independent FDCPA violation within the one-year limitation period. They've alleged only the continuing effect of a time-barred claim.**

Plaintiffs claim that Elliott obtained judgments that included an (allegedly) improper interest rate. Any claim based on Elliott's actions leading to the judgments is plainly time barred. That's undisputed.

Likewise, there's no dispute that Elliott used the same interest rate when filing writs of garnishment to collect on those judgments. The interest rate that Elliott used for the writs came from the judgments. As a result, plaintiffs' complaint doesn't allege new, distinct violations of the FDCPA within one year of when it was filed. Each use of the allegedly improper rate in the writs was the "continuing effect of [an] initial [alleged] violation," i.e., Elliott's actions leading to the judgments. *Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed. Appx. 249 (6th Cir. 2014); *Smith v. Lerner, Sampson & Rothfuss, L.P.A*, 658 Fed. Appx. 268 (6th Cir. 2016). At best, Elliott's use of the interest rate in the writs "merely gave 'present effect' to deceptive conduct that had occurred outside the limitations window." *Slorp*, 587 Fed. Appx. at 259. So plaintiffs' complaint doesn't allege a timely FDCPA claim and this Court should enter judgment on the pleadings in Elliott's favor.

1

Plaintiffs' response wants to change the issue. They discuss collateral estoppel at length. But that's not the issue. For Elliott's motion, whether the state-court judgments are preclusive isn't relevant. The issue is whether using the same interest rate as the judgments when filing writs was the mere later effect of a time-barred claim. That issue doesn't turn on whether the time-barred claim compelled or required the later act that plaintiffs complain about.

For example, in *Slorp*, the defendant violated the FDCPA when it filed an action falsely asserting that its client was assigned a mortgage on the plaintiff's property. That filing and violation didn't require or compel the alleged timely violation—filing an affidavit in opposition to a motion to set aside the judgment in the same action.

Likewise, in *Smith*, the defendant violated the FDCPA when it filed an action to foreclose a mortgage that wasn't validly assigned to the defendant's client. That filing and violation didn't require or compel the alleged timely violation—filing an objection to a Chapter 13 bankruptcy plan based on the client's mortgage interest.

Just like *Slorp* and *Smith*, plaintiffs believe that Elliott violated the FDCPA outside the limitation period—when Elliott obtained judgments

2

adopting a 13% interest rate. And just like the defendants in *Slorp* and *Smith*, who didn't have to file the affidavit or objection, Elliott didn't have to file the writs. But when it did, using the rate from the judgments "merely gave 'present effect' to" or "reaffirmed" what had already been done. *Slorp*, 587 Fed. Appx. at 259. Indeed, even assuming that Elliott was free to omit the interest or use a lower rate in the writs, its use of the rate from the judgments **still** wouldn't be a fresh violation; it was the "continuing effect of their initial [alleged] violation." *Id.*; *Smith*, 658 Fed. Appx. at 273.

    Plaintiffs don't distinguish *Slorp* and *Smith*. They observe that *Slorp* involved "the alleged wrongful **initiation** of a foreclosure suit," which is true. (RE 139, Response, p. 14 n.4, PgID 2277). Then they admit that *Slorp* held that "simply reaffirming the legitimacy of the foreclosure suit was not independently actionable." (*Id.*) Also true. How, though, is that different from Elliott simply reaffirming the rate in the judgments when filing writs? Plaintiffs can't say. There's no material distinction.

    *Purnell v. Arrow Fin. Servs., LLC*, 303 Fed. Appx. 297 (6th Cir. 2008), which plaintiffs rely on, is readily distinguishable. The defendant in *Purnell* made monthly reports to Equifax about a debt that the plaintiff disputed.

3

*Id.* at 299. One report didn't beget the next. Each report was its own, "distinct" and "independent" event untethered to the others. *Id.* at 302, 304. That isn't the case here.

The interest rate in the judgments is tied to the rate in the writs; the judgments were the source. So the rate in the writs was the product or effect of what occurred in the past. As *Purnell* acknowledged, "the violation must occur within the limitations period, not just be the later effects of an earlier time-barred violation." *Purnell*, 303 Fed. Appx. at 302.

One thing is certain: plaintiffs believe that the 13% interest rate in the judgments is wrong under Michigan law. If they're right, any FDCPA violation occurred before the courts entered those judgments. Each subsequent writ that used the interest rate from those judgments is analogous to each paycheck an employer issues reflecting a discriminatory pay disparity. They aren't discrete violations. See *Slorp*, 587 Fed. Appx. at 259 (discussing *Ledbetter v. Goodyear Tire & Rubber, Co.*, 550 U.S. 618, 628, 127 S. Ct. 2162, 167, L. Ed.2d 982 (2007)). And since any alleged FDCPA violation occurred more than one year before plaintiffs filed this action, their FDCPA claims are time-barred and fail as a matter of law. This Court should enter judgment on the pleadings in Elliott's favor.

4

At an absolute minimum, this Court should enter judgment for Elliott on plaintiffs' FDCPA claims based on the pre-March 3, 2016 writs.

## B. This Court should decline to exercise supplemental jurisdiction over plaintiffs' state-law claims.

This Court has, time and again, exercised its discretion to decline supplemental jurisdiction over MRCPA claims. And for good reason. It's an undeveloped state law and comity weighs heavily against federal courts being the first to create liability under it. Declining jurisdiction is also particularly appropriate given plaintiffs attempt to maintain an MRCPA class action, which they couldn't do in state court and adds unnecessary complexity to the management and resolution of this case.

Plaintiffs' response is that it's all so very simple. There's no novelty, complexity, or exceptional circumstance, they say. They're wrong.

For example, plaintiffs suggest that the Sixth Circuit's opinion in this case "already resolved" the "only substantial question of state law raised in this case" — "whether MJE charged greater interest to Plaintiffs than allowed under M.C.L. § 600.6013." (RE 139, Response, pp. 16 n. 5, 20, PgID 2279, 2283). The Sixth Circuit did no such thing. It reviewed this Court's decision under Fed. R. Civ. P. 12(b)(1), which, as this Court stated, accepts

5

the allegations in the complaint as true. (RE 109, Opinion and Order, PgID 2077). Indeed, plaintiffs selectively quote from a paragraph in the Sixth Circuit's statement of facts that ends with, "So, **plaintiffs allege**, use of the 13% rate was improper under Michigan law." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 401 (6th Cir. 2020).

Simply put, the propriety of the interest rate wasn't at issue on appeal. The only issue the Sixth Circuit resolved was whether the *Rooker-Feldman* doctrine barred jurisdiction. It did not resolve any other issue. *See Kindle v. City of Jefferson, Ky.*, 589 Fed. Appx. 747, 754 (6th Cir. 2014) ("Mere recital of factual matters assumed for purposes of decision are not part of the mandate, nor do they form the 'law of the case.'"). Plaintiffs are wrong to suggest otherwise in their zeal to create an appearance of simplicity.

Plaintiffs' presentation of the issues is also overly simplistic. They suggest that this Court need only decide whether Elliott charged more interest than M.C.L. § 600.6013 permits and, if so, whether that violates the MRCPA, which later they say is "obvious." (RE 139, Response, pp. 15, 17, PgID 2278, 2280). Again, it's not so simple.

For example, the MRCPA prohibits "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to

6

collect a debt …." M.C.L. § 445.252(e). The state-court judgments applied a 13% interest rate, which this Court and the Sixth Circuit agreed doesn't change for pre or post-judgment interest. (RE, Opinion and Order, PgID # 2082); *VanderKodde*, 951 F.3d at 401; *see* M.C.L. § 600.6013(7). Would Michigan courts consider it inaccurate, misleading, untrue, or deceptive to rely on and apply the interest rate adopted in a court's judgment? Stated differently, would it be inaccurate or untrue (terms not in the FDCPA) to use the judgment rate for a writ without independently analyzing M.C.L. § 600.6013 first?

This Court or a jury may have to decide a similar question under federal law. But, as this Court has observed, "district courts are to be cognizant that there may be 'nuances' of state law better left for resolution in the first instance by the state courts." *Rockey v. Courtesy Motors, Inc.*, 199 F.R.D. 578, 596 (W.D. Mich. 2001). "[T]his court should not create new state-law liability in this case." *Richard v. Oak Tree Group, Inc.*, 614 F. Supp. 2d 814 (W.D. Mich. 2008).

Plaintiffs give short shrift to additional differences between the FDCPA and MRCPA that weigh heavily against exercising jurisdiction. First, whether law firms are subject to MRCPA liability is unresolved.

7

Federal courts have divided and plaintiffs simply cite those repeating their view.[1] There's no compelling reason for this Court to add to the confusion on this state-law issue that no state court has addressed.

Second, while asserting that "the evidence and proofs necessary to establish liability … are identical" for FDCPA and MRCPA claims, plaintiffs later assert that there's no bona fide error defense for MRCPA claims. (RE 139, Response, pp. 23, 26, PgID 2286, 2289). If the latter assertion is true, the former is not and the difference weighs against exercising supplemental jurisdiction.

Third, the FDCPA has a one-year statute of limitation and the MRCPA has a six-year statute of limitation. That, at a minimum, will create separate putative classes of disparate size—one consisting of those within the six-year statute, another consisting of those within the one-year statute. Judge Jonker captured the problem that would pose:

> This would mean a different and larger class on the State law theory. This not only creates needless management problems, it also creates potentially distorted incentives when it comes to allocation of

---

[1] Notably, *Dubridge v. Ocwen Loan Svcg*, 2014 WL 1878770 (W.D. Mich. 2014), in which plaintiffs suggest that Judge Bell repudiated his ruling in *Stolicker*, did not involve a law firm. It involved a loan servicer.

8

>the resources of class counsel and settlement considerations.

*In re: FDCPA Cognate Cases*, W.D. Mich. Case No. 1:13-cv-01338-RJJ, Dkt 52, p. 5 (attachment 1 to motion). Plaintiffs offer no response to that point.

Fourth, plaintiffs' arguments about their MRCPA class action weigh against exercising jurisdiction. Michigan doesn't permit class actions "for a penalty or minimum amount of recovery without regard to actual damages …" Mich. Ct. R. 3.501(A)(5). Plaintiffs argue that they "can and do claim actual damages." (RE 139, Response, p. 23, PgID 2286 (citing RE 5, Complaint, PgID 53)). While the complaint requests "actual damages," it also reveals that the named plaintiffs have no actual damages. They admit that, even if the lower interest rate were charged, their debt wouldn't be satisfied. (*See* RE 5, First Amended Complaint, ¶45, PgID 21 ("If Elliott and Midland had charged Ms. Buck postjudgment interest at the rates dictated by M.C.L. 600.6013, Ms. Buck would owe less than $100 to Midland"); *id.,* ¶73, PgID 26 (". . . Ms. Beckley would owe less than $500 to Midland"); *id.,* ¶98, PgID 30 ("… Ms. Robinson would owe less than $14,500 to Midland"); *id.,* ¶131, PgID 36 ("… Mr. Swagerty would owe less than $2,000 to LVNV"); *id.,* ¶165, PgID 42 ("… Mr. Vanderkodde would owe less than

9

$5,000")). In other words, Elliott didn't collect more from the named plaintiffs than it was entitled to collect. So the named plaintiffs have no actual damages. *See Alken-Ziegler, Inc. v. Hague*, 767 N.W.2d 668, 671 (Mich. App. 2009) ("'[A]ctual damages' means the actual loss a complainant suffered as a result of a defendant's … conduct.").

Since the representative plaintiffs have no actual damages, this is "[a]n action for a penalty or minimum amount of recovery without regard to actual damages …." Mich. Ct. R. 3.501(A)(5). Plaintiffs' insistence that it's not such an action raises yet another state-law question that should be left for state courts to answer. Simply put, for the same reason that it shouldn't create new state-law liability, this Court shouldn't be the first to decide whether Mich. Ct. R. 3.501(A)(5) permits a class action when the representatives have no actual damages—comity. See *Richard*, 614 F. Supp. 2d at 825; *Rockey*, 199 F.R.D. at 596-97.

While *Shady Grove Orthopedic Associates, P.A., v. Allstate Ins Co.*, 559 U.S. 393 (2010) allows federal courts to maintain class actions under Fed. R. Civ. P. 23 when state courts wouldn't, the differences in federal and state procedure still weigh in favor of declining supplemental jurisdiction. *See, e.g., Chenensky v. New York Life Ins. Co.*, 942 F. Supp.2d 388 (2013) (declining

10

supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) where plaintiff's federal claim was "more about exploiting a difference in state and federal procedure . ."); *In re: FDCPA Cognate Cases*, *supra*, p. 6 (attachment 1 to motion) ("This difference in state and federal practice raises significant federalism concerns" and "would potentially flout the policy choices of the State of Michigan.")

## Relief Requested

Defendant Mary Jane M. Elliott, P.C. asks that this Court enter judgment in Elliott's favor on plaintiffs' FDCPA claims. Regardless whether it does so, this Court should decline to exercise supplemental jurisdiction over plaintiffs' state-law claims and dismiss them without prejudice.

                COLLINS EINHORN FARRELL PC

BY:  */s/ Theresa M. Asoklis*_____
      THERESA M. ASOKLIS (P42709)
      JEFFREY R. HICKS (P74279)
      MICHAEL J. COOK (P71511)
      Attorney for Mary Jane M. Elliott, P.C.
      4000 Town Center, 9th Floor
      Southfield, MI 48075
      (248) 355-4141

Dated: May 22, 2020      Theresa.Asoklis@ceflawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, a copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties to the above cause to each of the attorneys of record herein.

|  |  |
|---|---|
|  | BY:  */s/ Theresa M. Asoklis*  <br>THERESA M. ASOKLIS (P42709)  <br>COLLINS EINHORN FARRELL PC  <br>Attorney for Mary Jane M. Elliott, P.C.  <br>4000 Town Center, 9th Floor  <br>Southfield, MI 48075  <br>(248) 355-4141 |
| Dated: May 22, 2020 | Theresa.Asoklis@ceflawyers.com |