UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL VANDERKODDE et al.,

    Plaintiffs,                                               Case No. 1:17-cv-203-PLM

v.                                                         HON. PAUL L. MALONEY

MARY JANE M. ELLIOTT, P.C., et al.,

    Defendants.
_____/

## PLAINTIFFS' MOTION AND BRIEF FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

Plaintiffs move the Court for leave to file as supplemental authority in this matter, the recently entered Memorandum and Order in *Stone v. J&M Securities, LLC*, No. 4:20 CV 352 SPM, 2020 WL 5909788 (E.D. Mo. Oct. 6, 2020) (attached as Ex. 1). Plaintiffs request leave to file this supplemental authority in connection with Plaintiffs' Response in Opposition to Defendant Mary Jane M. Elliott, P.C.'s Motion for Judgment on the Pleadings (ECF No. 139, PageID.2256-93).

In its motion and supporting brief, defendant Mary Jane M. Elliott, P.C. ("MJE") states that judgment should be entered in its favor on plaintiffs' claims under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq*. In support, MJE argues that plaintiffs' claims fail as a matter of law because the alleged improper postjudgment interest amounts that MJE attempts to collect via garnishment are merely later effects of previously entered state court judgments against plaintiffs. MJE argues that if plaintiffs did successfully allege FDCPA claims, they were based on the underlying state court judgments, which were entered more than a year prior to the filing of this lawsuit, and thus time-barred.  *See* 15 U.S.C. § 1692k(d).

1

However, in *Stone v. J&M Securities, LLC*, the court held that the plaintiffs successfully stated an FDCPA claim when they alleged that a defendant debt collector attempted to collect unlawfully inflated postjudgment interest amounts in a garnishment application. The court further found that the plaintiffs' FDCPA claims were not time-barred because collection attempts via garnishment were made less than a year before the lawsuit was filed, even though the debt in that case, also a state court judgment, was entered more than seven years earlier and defendant had been accruing postjudgment interest yearly. *Stone* at *1-7.

Like in *Stone*, the plaintiffs in this action alleged that defendants violated the FDCPA by attempting to collect postjudgment interest that was greater than the defendant debt collectors were entitled to collect, via requests and writs for garnishment. *Stone* supports plaintiffs' position that defendant MJE's Motion for Judgment on the Pleadings should be denied.

Respectfully submitted,

Dated: November 12, 2020

/s/ Kevin J. Rogers
Kevin J. Rogers (P81303)
Phillip C. Rogers (P34356)
Attorneys for Plaintiffs
6140 28th Street S.E., Suite 115
Grand Rapids, Michigan 49546
(616) 776-1176
RogersAttorney@gmail.com
ConsumerLawyer@aol.com

Dated:  November 12, 2020

/s/ Theodore J. Westbrook
Theodore J. Westbrook
Westbrook Law PLLC
Attorney for Plaintiffs
6140 28th Street S.E., Suite 115
Grand Rapids, MI 49546
(616) 288-9548
twestbrook@westbrook-law.net