UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SUSAN BUCK, ANITA BECKLEY,
RUBY ROBINSON, RITCHIE SWAGERTY,
and DANIEL VANDERKODDE,
on behalf of themselves and
all other similarly situated,

  Plaintiffs,          Case No: 1:17-cv-203
                   Hon. Paul. L. Maloney

vs.

MARY JANE M. ELLIOTT, P.C.,
BERNDT & ASSOCIATES, P.C.,
MIDLAND FUNDING LLC,
MIDLAND CREDIT MANAGEMENT, INC.,
ENCORE CAPITAL GROUP, INC., and
LVNV FUNDING LLC,

  Defendants.
_____/

**DEFENDANT MARY JANE M. ELLIOTT, P.C.'S
RESPONSE TO PLAINTIFFS' MOTION AND BRIEF FOR LEAVE TO
FILE SUPPLEMENTAL AUTHORITY**

Plaintiffs moved for leave to advise this Court of an unpublished magistrate opinion from another circuit, *Stone v J&M Securities, LLC*, No. 4:20 cv 352 SPM, 2020 WL 5909788 (E.D. Mo. Oct. 6, 2020). Defendant Mary Jane M. Elliott, P.C. could not concur in plaintiffs' motion because it asserts that "*Stone* supports plaintiff's position that defendant MJE's Motion for

Judgment on the Pleadings should be denied." (ECF No. 162, Page ID 2856). It does not.

Each writ that Elliott served calculated post-judgment interest at the 13% rate specified in the judgments entered against the plaintiffs. Unlike Elliott, the *Stone* defendant didn't use the interest rate in the judgment. The default judgment in *Stone* awarded post-judgment interest at a rate of 10%. *Id.* at *2. The *Stone* defendant sent writs that, for unexplained reasons, included interest in excess of the 10% rate. *Id.* That's the critical difference.

The *Stone* defendants' interest calculations were unrelated to the judgment, so each incorrect calculation was a distinct event. Because Elliott's writs applied the rate from the judgments, they were, at worst, mere "later effects of an earlier time-barred violation." *Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed. Appx. 249, 259 (6th Cir. 2014); see *Smith v. Lerner, Sampson & Rothfuss, L.P.A*, 658 Fed. Appx. 268, 273 (6th Cir. 2016).

*Stone* doesn't address or in any way affect the Sixth Circuit's analysis in *Slorp* and *Smith*. It's akin to *Purnell v. Arrow Fin. Servs., LLC*, 303 Fed. Appx. 297 (6th Cir. 2008) in which the defendant's monthly debt reports to Equifax were "distinct" and "independent" events. *Id.* at 302, 304. This Court should rely on and apply the Sixth Circuit's analysis in *Slorp* and *Smith*, not the

2

opinion of a magistrate from another circuit concerning distinguishable facts.

Because *Stone* doesn't support plaintiffs' position, Elliott couldn't concur in their motion. This Court should deny plaintiffs' motion, like it denied Elliott's similar motion (ECF 110, Page ID 2090).

|  |  |
|---|---|
|  | COLLINS EINHORN FARRELL PC |
|  | BY:  */s/ Theresa M. Asoklis*<br>THERESA M. ASOKLIS (P42709)<br>JEFFREY R. HICKS (P74279)<br>MICHAEL J. COOK (P71511)<br>*Attorney for Mary Jane M. Elliott, P.C.*<br>4000 Town Center, 9th Floor<br>Southfield, MI 48075<br>(248) 355-4141 |
| Dated: November 30, 2020 | Theresa.Asoklis@ceflawyers.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2020, a copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties to the above cause to each of the attorneys of record herein.

                                                                           BY:   */s/ Theresa M. Asoklis*
                                                                                    THERESA M. ASOKLIS (P42709)
                                                                                    COLLINS EINHORN FARRELL PC
                                                                                    *Attorney for Mary Jane M. Elliott, P.C.*
                                                                                    4000 Town Center, 9th Floor
                                                                                    Southfield, MI 48075
                                                                                   (248) 355-4141

Dated: November 30, 2020                Theresa.Asoklis@ceflawyers.com

4